30350, 30351. SMITH *v.* TRAVELERS INSURANCE CO. *et al*; and *vice versa.*

DECIDED APRIL 8, 1944.

*T. Elton Drake, William E. Ball, Clarence R. McLanahan,* for plaintiffs. *Neely, Marshall & Greene,* for defendants.

PARKER, J. (After stating the foregoing facts.) 1. The court did not err in reversing the award and remanding the case for further consideration and directing that proper allowance be made for the board and lodging of the deceased employee. It stands to reason that the mother and the invalid sister can not be said to have been dependent on the adult son and brother in the amount of the reasonable cost of his board and lodging, of which he was the sole recipient. See Barker *v.* Reynolds, 94 Ind. App. 29´ (179 N. E. 396).

2. Nor did the court err in holding that the board was authorized to find that the mother was partially dependent on the deceased. Mrs. Smith testified that she and the decedent and her two daughters lived in an apartment in Athens, Georgia; that she worked as a practical nurse and earned as much as $10 a week; that Katheryn was 19 years of age, in good health, and a student at the University of Georgia; that the deceased did not pay board, but would give the witness from $15 to $20 each week, depending on whether he was at home or away from home; that when he was away from home working, his board and lodging were furnished him, and he was able to contribute the larger amount; that the contributions were used for the support and maintenance of the family, including the deceased when he was at home, and for the support, maintenance, and education of Katheryn; that the deceased also gave money directly to Katheryn for her clothing and school-books, and permitted her to borrow money with which to help defray her college expenses; and that it cost $35 a month for the support, maintenance, and education of Katheryn. The contention of the employer and the insurance carrier is that if the mother had not contributed to the support and education of Katheryn, not

a dependent, she would not have been dependent upon the deceased. We do not agree with such a conclusion. The effect of the arrangement was that Mrs. Smith, in spending money upon Katheryn, used that much less of the money paid her by her deceased son, after allowance of his board and lodging, for the support of herself and her invalid daughter. The spending of the money for Katheryn's support did not render Mrs. Smith independent, as claimed by the employer and the insurance carrier. Dependency is a question of fact, except where the law specifically creates a presumption in favor of named classes; and the question is one to be determined according to the facts and circumstances of each case, from the amounts, frequency, and continuity of actual contributions of cash or supplies, the needs of the claimants, and the legal and moral obligation of the employee. See *Maryland Casualty Co.* v. *Campbell*, 34 *Ga. App.* 311 (129 S. E. 447); *U. S. Fidelity &c. Co.* v. *Washington*, 37 *Ga. App.* 140 (139 S. E. 359); *Georgia Power & Light Co.* v. *Patterson*, 46 *Ga. App.* 7 (166 S. E. 255); *Glens Falls Indemnity Co.* v. *Jordan*, 56 *Ga. App.* 449 (193 S. E. 96).

*Judgment affirmed on both main bill and cross-bill of exceptions. Sutton, P. J., and Felton, J., concur.*