## 58007. INSURANCE COMPANY OF NORTH AMERICA et al. v. HENSON.

McMurray, Presiding Judge.

This is a workers' compensation case. The claimant was injured on May 4, 1978, which injury arose out of and in the course of his employment, and he was sent to the hospital emergency room for treatment.

The employer forwarded the first report of injury to the insurer on May 11, 1978. The claimant returned to work on June 6, 1978 and a second first report of injury was forwarded to the insurer shortly after claimant's return to work.

The claimant, not having been paid, filed a claim with the board on June 20, 1978, requesting a hearing. A third employer's first report of injury was forwarded by the employer to the insurer on July 6 or 7, 1978. The insurer received this report (Form 15) on July 11, 1978, which was allegedly forwarded to the board on July 28, 1978.

On August 4, 1978, the employer gave the claimant a draft drawn by the insurer on July 12, 1978 in the amount of $398.68 in payment of compensation from May 4, 1978 to June 6, 1978. The draft was attached to a form letter from the insurer dated July 25, 1978 without any explanation as to why it took 13 days to attach the draft to a form letter or as to why it took 10 more days for the draft and the letter to be delivered to the claimant by the insurer.

On August 8, 1978 this claim came on for a hearing, and the sole issue to be determined was whether or not penalties and attorney fees should be assessed against the employer/insurer. The above facts were developed by the record and evidence at the hearing. As of the date of the award, August 25, 1978, the administrative law judge stated that the Form 15 had still not reached the board file. Testimony was offered by an employee (a secretary) of the employer that she filled out a form on behalf of the claimant on May 11, 1978, based on his injury of May 4, 1978 which was mailed to the insurer in Atlanta, Georgia on that date. This letter was not returned "undeliverable, addressee unknown." When the claimant returned to

work shortly after June 6, she (secretary) made out another form which was mailed to the insurer as to the claim and then another form on July 7, 1978, inasmuch as the insurer contended it still had not received any forms concerning the matter. She testified that none of these forms came back as "undeliverable, addressee unknown." At the hearing, counsel for the insurer stated that the insurer had moved its office from Executive Park to Johnson Ferry Road during this period of time.

As a part of the finding of fact, the administrative law judge stated that assuming this could have some effect on mail deliveries, "this in no way excuses or justifies the negligent manner in which this claim was handled by the Insurer." He then found it was inexcusable for the insurer to take three months to pay an obvious compensable claim, and the failure to timely pay it had forced the claimant to employ counsel to obtain payment. He then found reasonable attorney fees based upon the evidence should be assessed against the insurer in the amount of $250. He also assessed a penalty of $100 against the insurer for failure to timely file the employer's first report of injury as provided in Code Ann. § 114-716 (e) (Ga. L. 1957, pp. 493, 494; 1963, pp. 141, 158; 1975, pp. 198, 209). The award was in accordance with the above.

On appeal to the full board and upon de novo consideration of all the evidence, the findings and conclusions of the administrative law judge were made the findings of fact and conclusions of law of the board. On appeal to the superior court the award was affirmed, and the employer/insurer appeals. *Held:*

The sole enumeration of error is that the superior court erred in affirming an award of attorney fees by the board for late payment of benefits based upon the law (Code Ann. § 114-712, as amended by Ga. L. 1978, pp. 2220, 2234, eff. July 1, 1978) as the award is void and contrary to law as a retroactive application of substantive law in direct contravention of Art. I, Sec. I, Par. VII of the Georgia Constitution of 1976 (Code Ann. § 2-107), Code § 102-104 and Section 17 of the Workers' Compensation Act as amended July 1, 1978. The injury here occurred in May, 1978. When the claimant was not paid promptly by June 4, 1978 when he returned to work, he then filed a

claim with the board which was received by it on June 20, 1978. Payment of the claim was not made until August 4, 1978 although the draft was dated July 12, 1978 and the form letter to which it was attached was dated July 25, 1978. The effective date of the substantive law authorizing assessment of attorney fees in this case became effective July 1, 1978. The evidence clearly shows that the insurer received information as to the injury on or about July 11, 1978, which was employer's third first report of injury.

The new statutory law as to Code Ann. § 114-712, as amended, supra, clearly states that if any provision of Code § 114-705 (Ga. L. 1978, pp. 2220, 2227) without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his rights under that section, and the claimant prevails, the reasonable fee of the attorney as determined by the board and the costs of the proceedings may be assessed against the employer. Clearly the board has determined that after July 1, 1978, the effective date of the new statute, payment of compensation was not made in accordance with the law as set forth in Code Ann. § 114-705, supra. The new statute was not retroactively applied but was applied after July 1, 1978, wherein the delay of the employer/insurer caused the delay in payment until August 4, 1978 of a claim due in May, 1978. The sole explanation offered by the employer/insurer was the moving of the insurer's office within the postal area of Atlanta. The board did not err in determining that this in no way excused or justified the negligent manner in which this claim was handled.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED JUNE 14, 1979 — DECIDED JULY 16, 1979.

*Swift, Currie, McGhee & Hiers, Charles L. Drew,* for appellants.

*Sartain & Carey, Robert L. Husby, Jr.,* for appellee.