63156, 63157. RAINES & MILAM et al. v. MILAM et al.
(two cases).

SOGNIER, Judge.

These are companion cases with identical issues; therefore, we will decide them in one opinion. Donald Milam was employed by and was working with his father, Cordie Milam, for the summer. On July 28, 1978 Cordie and Donald were working on a pipe laying job and were buried when a ditch collapsed, resulting in their deaths by suffocation. An investigator was appointed by the workers' compensation insurance carrier, and the investigator determined that Donald, who was 15 years of age, had no known dependents. Therefore, the investigator recommended to the carrier that $10,000 be paid to the Subsequent Injury Trust Fund (Ga. Code Ch. 114-9). Such payment was made to the Fund pursuant to a "No Dependence Agreement" dated November 28, 1978 between the insurance carrier and the Fund; the agreement was approved by the State Board of Workers' Compensation on January 9, 1979. The statutory funeral expenses and a bill for ambulance service were also paid by the carrier.

On January 25, 1979 appellee Carolyn Milam, the widow of Cordie and mother of Donald, acting individually and as guardian of Ricky Milam, Cordie's surviving son, requested a hearing on two separate claims before the State Board of Workers' Compensation, one to determine if Carolyn was dependent upon her son, Donald, and the other to determine if her husband, Cordie, was an employee and, thus, not a partner, in the joint venture known as Raines and

Milam. On February 16, 1979 appellants received notice of these claims and on February 21, 1979 filed a notice (Form WC3) pursuant to Code § 114-705 (d) that the right to compensation was controverted.

A hearing before the State Board of Workers' Compensation was held on appellees' motion to strike appellants' defense, based on appellants' failure to file notice of intention to controvert within 21 days after knowledge of the deaths. On July 5, 1979 the motion was denied by the Administrative Law Judge. On November 13, 1979 the ALJ denied appellees' claim, finding as a matter of fact that Carolyn Milam was not a dependent of Donald Milam, since both parents were employed and self-sufficient, and all of Donald's earnings were placed in a savings account for his college education.

The claim based on Cordie Milam's death was controverted by the employer and insurance carrier on the ground that the deceased was a partner in the business. Appellants here, as in the companion case, filed a Form WC3 more than 21 days after receiving notice of the death of Cordie Milam — in both instances approximately five and one-half months after the time specified in § 114-705 (d). Appellees also filed a motion to strike appellants' defense in this case. The ALJ denied the motion and then found that Cordie Milam was a partner in Raines and Milam and, thus, not an employee. The ALJ's decision in both cases was approved by the State Board of Workers' Compensation, and was then appealed to the Superior Court of Fulton County.

The Superior Court in each case reversed the ALJ and the State Board, ruling that the ALJ and the Full Board "erred as a matter of law in failing to strike the defenses and to enter an award for the Claiments (sic) for failure of insurer-employer to timely enter a WC-3 notice to controvert under Georgia Code Annotated § 114-705 (d)(h), because such failure to timely file a Notice to Controvert after a notice of accident and death is analoguous (sic) to a statute of limitations for a claim and acts as a statutory estoppel or bar to controvert; should the defense of the claim not be barred then the Full Board properly ruled in affirming the Administrative Law Judge." We granted a discretionary appeal from the Superior Court's ruling.

Although no cross-appeal was filed we agree with the Superior Court that the evidence presented supports the ALJ's findings of fact, adopted by the Full Board as its findings in each case, and the conclusion that Carolyn Milam was not a dependent of Donald Milam and that Cordie Milam was not an employee. See *Smith v. Travelers Ins. Co.,* 71 Ga. App. 24, 26 (29 SE2d 709) (1944) as to dependency, and *Scoggins v. Aetna Cas. &c. Co.,* 139 Ga. App. 805

(229 SE2d 683) (1976) as to a partner being an employee.

The main issue in this case is whether appellants were estopped from controverting appellee's claims. Code § 114-705 (d) provides: "If the employer controverts the right to compensation, it shall file with the board on or before the 21st day after knowledge of the alleged injury or death, a notice in accordance with the form prescribed by the board stating that the right of compensation is controverted . . ., the date of the alleged injury or death, and the ground upon which the right to compensation is controverted."

Appellees contend that the word "shall" in the statute quoted above makes such notice mandatory, and failure to file such notice within 21 days requires the dismissal of any defense which the employer or insurer might present in controverting a claim. Appellees contend, in effect, that failure to file notice estops an employer and insurer from controverting a claim for compensation. We agree with appellees that the word "shall" in § 114-705 (d) makes it mandatory that such notice be filed. We do not agree, however, that failure to file such notice within 21 days acts as an estoppel preventing an employer and insurer from controverting a claim for compensation. The General Assembly has provided other sanctions against the failure to so file in Code § 114-712 (2). That section provides: "If any provision of Code section 114-705, without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his rights under that section and the claimant prevails, the reasonable fee of the attorney as determined by the board and the costs of the proceedings may be assessed against the employer." This provision became effective the same date as § 114-705, viz, July 1, 1978. It is not our function to enlarge these statutory sanctions; rather, any enlargement of sanctions already available is for the General Assembly. See *Chilivis v. Cleveland Electric Co.,* 142 Ga. App. 751, 754 (1) (236 SE2d 872) (1977). Further, since enactment of § 114-712 in 1978 this court has recognized the right to impose the sanctions provided for in that section. See *Insurance Co. of N.A. v. Henson,* 150 Ga. App. 788 (258 SE2d 706) (1979); *Liberty Mut. Ins. Co. v. Kirkland,* 156 Ga. App. 576 (275 SE2d 152) (1980); *Union Carbide Corp. v. Coffman,* 158 Ga. App. 360 (280 SE2d 140) (1981).

Appellees contend that § 114-705 must be interpreted to act as an absolute estoppel of the right to controvert a claim if an employer fails to file a notice to controvert within the time prescribed by the statute. However, our Supreme Court has held: "Our laws abhor penalties and forfeitures, [Cit.], and a law imposing a penalty must be strictly construed. [Cit.] As held in *Renfroe v. Colquitt,* 74 Ga. 618 (2a): 'Forfeitures are not favored, and courts incline against them.

When a statute may be construed so as to give a penalty, and also so as to withhold the penalty, it will be given the latter construction.' " *Sale v. Leachman,* 218 Ga. 834, 837 (1) (131 SE2d 185) (1963). This is particularly true where, as here, adequate sanctions are provided for enforcement of the mandatory provisions of § 114-705.

Finally, we note that the State Board of Workers' Compensation, the administrative body charged with enforcement of the Workers' Compensation Act, has interpreted §§ 114-705 and 114-712 in the same manner as we do here, and has promulgated rules and regulations providing for the sanctions set forth in § 114-712. Rule 705 (d), Title 114 Appendix, Rules and Regulations, State Board of Workers' Compensation.

The General Assembly has met several times since this court and the State Board have issued decisions interpreting these provisions of the Act, and the General Assembly has failed, by legislation or otherwise, to declare its intention to be different than that contained in such decisions. Therefore, the General Assembly must be deemed as having acquiesced and agreed with the interpretation made by the State Board and this court. *Harrison v. McHenry,* 9 Ga. 164, 171 (3) (1850); *Brunswick S. &. T. Co. v. National Bank,* 102 Ga. 776, 779-780 (29 SE 688) (1898); *Robinson v. Colonial Discount Co.,* 106 Ga. App. 274, 275-276 (126 SE2d 824) (1962). Accordingly, the judgment is reversed in each of these cases with direction that judgment be entered in accordance with the judgment of the State Workers' Compensation Board.

*Judgments reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 16, 1982 —
REHEARING DENIED MARCH 30, 1982.

*James T. McDonald, Jr., Douglas A. Bennett,* for appellants.
*William V. George, Lavinia B. George,* amicus curiae.
*Lawson A. Cox II, Benjamin H. Terry,* for appellees (case no. 63156).
*Lawson A. Cox II, Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Verley J. Spivey, Marion O. Gordon, Senior Assistant Attorneys General, Gary R. Hurst, Assistant Attorney General,* for appellees (case no. 63157).