68613. SPIVA v. UNION COUNTY et al.
(322 SE2d 351)

BIRDSONG, Judge.

This is an appeal from the superior court's affirmance of the award of the State Board of Workers' Compensation in favor of the employer/insurer. The board's award denied compensation on the ground that the claimant's injury did not arise out of and in the course of his employment and ordered the claimant to reimburse the insurer $22,075.63 in previously paid compensation and medical benefits. Appellant's five enumerations of error question whether the insurer was entitled to controvert compensation in view of the fact that the notice to controvert was not filed until 23 months after appellant's injury and payments were made of $22,075.63 in benefits, and whether the insurer was entitled to reimbursement of compensation and medical benefits previously paid to appellant.

The facts of this case are basically undisputed. Appellant was injured when his own tractor overturned on him while he was plowing his garden on his home property. Appellant was injured on a Saturday and performed no services for his employer. Aside from being "on 24-hour call," he owed no work responsibility on that Saturday. Nevertheless, he was paid on that date as if he had worked. The employer

unilaterally completed a first report of injury which was submitted to the insurer. The report contained no misrepresentation as to the cause, place, or nature of appellant's injury, but represented falsely that the injury arose out of and in the course of his employment. Appellant presented testimony that he was contacted on two separate occasions by the insurer's representatives. The first contact occurred one or two weeks after the accident by telephone. The second occurred months later to inquire as to claimant's progress. The claim was not controverted until 23 months after the accident, when the insurer was notified that the Federal Bureau of Investigation was interested in the claim file. The insurer showed that the claim as submitted and verified by the employer was regular on its face and presented no reason to question the assertion that Spiva was injured on the job. At the trial of the issue, however, the employer, the secretary filing the claim, and Spiva all knew and questioned the accuracy of the employment status but never disclosed that there existed a questionable status. *Held*:

1. The board found that, although the employer/insurer had failed to comply with the 21-day notice to controvert requirement (OCGA § 34-9-221 (d)), "the employee and the employer mislead and misrepresented the claim to the insurer. Therefore, the running of the statute of limitation was tolled."

The finding by the board that the 21-day limitation was tolled because of misrepresentation on the part of the employer and/or appellant is at least minimally supported in the record. The evidence shows that Spiva was contacted shortly after his accident by a representative of the insurer. The contact was made by telephone. While the record contains no evidence that appellant at any time affirmatively misrepresented to the insurer any fact relevant to his claim and shows that appellant responded to all questions or inquiries from the insurer truthfully, he did not disclose the questionable circumstances of an injury occurring during private endeavors for which damages were being collected as for a work-related injury. Under these circumstances, including the fact the employer, by filing a notice of accident, impliedly misrepresented to the insurer that Spiva was engaged in county work at the time of the accident, the insurer was further mislead by Spiva's failure to explain the true circumstances surrounding the injury. Therefore, the alleged fraud or misrepresentation as to the nature of the incident provided adequate basis upon which to toll the time within which the employer/insurer could controvert this claim. See e.g., *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244) (statute of limitation for civil action tolled by fraud until fraud would have been discovered).

2. Moreover, the failure to controvert this claim for 23 months did not prevent the employer/insurer from contesting the claim at a

subsequent date. "We do not agree . . . that failure to file such notice [to controvert] within 21 days acts as an estoppel preventing an employer and insurer from controverting a claim for compensation. The General Assembly has provided other sanctions against the failure to so file. . . . It is not our function to enlarge these statutory sanctions. . . ." *Raines & Milam v. Milam*, 161 Ga. App. 860, 862 (289 SE2d 785). Thus, the board properly entertained the notice to controvert.

Under the facts shown, we conclude the employer/insurer has demonstrated a substantive basis upon which to controvert this claim. *Flannagan v. Clark*, 207 Ga. 345, 348 (8) (61 SE2d 485); *Jordan v. Harber*, 172 Ga. 139, 155-156 (157 SE 652). See *Friedman v. Goodman*, 222 Ga. 613, 623 (151 SE2d 455). "Where compensation is being paid without an award, the right to compensation shall not be controverted except upon the grounds of change in condition or newly discovered evidence. . . ." OCGA § 34-9-221 (h).

In order to controvert payment of compensation on the basis of newly discovered evidence, "it must be shown that the evidence was not known to the party at the time of the original hearing, and by reasonable diligence this new evidence could not have been secured at that time. [Cit.]. . . . It can be argued . . . that this [was] the first opportunity for a hearing, but the recent changes in the workers' compensation law do not require a hearing for the beginning of payments but require the employer/insurer to begin payments immediately unless controverted without an award under [OCGA § 34-9-221]; and a notice to controvert must be filed with the board within 60 days of the due date of the first payment of compensation 'except upon the grounds of change in condition or newly discovered evidence.' " *Anderson v. Araguel, Sanders &c.*, 163 Ga. App. 610, 612 (295 SE2d 750). We have held that the insurer was thwarted in its opportunity prior to payment of benefits to discover the evidence supporting its claim that appellant's accident was not suffered while within the scope and course of employment. Thus, the evidence would not reasonably have been discovered in timely fashion by the insurer and constitutes "newly discovered evidence."

Even though "[t]he insurer is the alter ego of the employer and what the employer knows the insurer knows as a matter of law . . . (*Anderson*, supra, p. 612), this maxim can have no application where the employer misleads the insurer and effectively misdirects the insurer so that it would not ascertain the actual facts before the first payment was made.

We find no basis upon which to affirm the board's finding of a "change in the status of the employee as contemplated in Code § 34-9-104." That section defines change in condition as "a change in the . . . status of an employee or other beneficiary covered by this chap-

ter, *which change must have occurred after the date on which the . . . status of the employee or other beneficiary was last established by award or otherwise.*" (Emphasis supplied.) The condition of the appellant was established by the commencement of payment of benefits by the insurer. Appellees presented no evidence showing a subsequent change in the status of the appellant; rather, appellee merely presented alleged "new evidence" which showed a status that existed from the inception of this claim. Though there is no support for the board's finding that there has been a change in the status of appellant contemplated by OCGA § 34-9-104, the successful controversion of the award of benefits by the insurer renders the judgment of the ALJ, the board and the superior court right for a legally appropriate reason. *Argonaut Ins. Co. v. Cline*, 138 Ga. App. 778, 782 (4) (227 SE2d 405).

We therefore affirm the board's award ordering appellant to reimburse the insurer for all benefits paid to date. See OCGA § 34-9-104 (d) (2).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 19, 1984.

*B. Larry Fowler*, for appellant.
*Robert L. Husby, Jr.*, for appellees.