68735. CAGLE'S, INC. v. KITCHENS.
(324 SE2d 550)

BENHAM, Judge.

The administrative law judge ("ALJ") in this workers' compensa-

tion case found that the employer had notice on September 10, 1982, that the claimant was alleging disability due to injury. Pursuant to OCGA § 34-9-221 (b), the due date of the first payment of benefits would have been September 24, 1982. Appellant began payment of benefits prior to that date without an award. A notice to controvert was filed on November 30, 1982, seven days after the 60-day period allowed by OCGA § 34-9-221 (h). On the basis of that tardiness and the fact that the notice to controvert did not allege that it was based on a change of condition or on newly discovered evidence, the ALJ ruled that appellant could not controvert the claim, notwithstanding the ALJ's finding that the disability was not the result of an accident arising out of and in the course of claimant's employment. That ruling was upheld by the State Board of Workers' Compensation and by the superior court. We granted a discretionary appeal for the purpose of considering the holding of the ALJ, the full board, and the superior court in light of this court's decision in *Raines & Milam v. Milam*, 161 Ga. App. 860 (289 SE2d 785) (1982). We reverse.

We held in *Raines & Milam* that an employer's noncompliance with OCGA § 34-9-221 (d) does not estop the employer from controverting the claim. The basis for that decision was that although the language in subsection (d) requiring that a notice to controvert be filed within a specific time was mandatory, sanctions for noncompliance were provided elsewhere in the Workers' Compensation Act. In *Southern Bell &c. Co. v. Hodges*, 164 Ga. App. 757 (1) (298 SE2d 570) (1982), that holding was interpreted as a statement that OCGA § 34-9-221 is not a statute of limitation. We are of the opinion that an interpretation of subsection (h) of that Code section as a statute of limitation (the interpretation given it by the ALJ, the board, and the superior court) is inconsistent with the statutory scheme of OCGA § 34-9-221 as interpreted by this court. We hold, therefore, that subsection (h) is no more a statute of limitation than subsection (d).

Appellee argues that it would be unfair in a situation in which subsection (h) applies, that is, a case in which the employer has begun paying benefits without an award, to permit the employer to controvert the claim when more than 60 days have passed and the claimant has begun to rely on the benefits. However, if the claimant is found to be entitled to the benefits, the employer will be liable for attorney fees as a sanction for its noncompliance with OCGA § 34-9-221. See OCGA § 34-9-108 (b) (2). If the claimant is found not to be entitled to benefits, as was the situation in the present case, we do not see how any legitimate interest of the claimant is compromised.

The present case is exemplary of the injustice that would occur if subsection (h) were interpreted as an absolute bar. Having missed the 60-day deadline, appellant would not be permitted to controvert the claim on any ground other than a change of condition or newly dis-

covered evidence, but there is no evidence which could be presented in support of those grounds: the claimant's condition is the same and appellant had access to the necessary evidence prior to the deadline. Therefore, under the interpretation urged by the claimant, the ALJ, the board, and the superior court, appellant is required to pay a claim which the ALJ expressly found to be without merit solely because it was several days late in filing a notice to controvert. We find that inequity to be squarely within the abhorrence of penalties and forfeitures expressed in *Raines & Milam*, supra.

In light of our holding that appellant is not estopped to controvert the claim in this case, the other grounds for reversal asserted by appellant need not be addressed. The superior court is directed to remand this case for further proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 21, 1984 ▮▮▮▮▮▮▮▮

*James B. Hiers, Jr., William G. Boyd*, for appellant.
*Doye E. Green*, for appellee.