76126. CARPET TRANSPORT, INC. et al. v. PITTMAN.
(370 SE2d 651)

CARLEY, Judge.

On January 24, 1986, appellee-employee injured his shoulder. The injury occurred while he was on the premises of appellant-employer Carpet Transport, Inc. The employee immediately reported to his supervisor that he had suffered a work-related injury and he was taken to a local hospital for treatment. The employee was thereafter afforded workers' compensation income benefits from the appellant-insurer on or before such benefits would otherwise have become payable pursuant to OCGA § 34-9-221 (b). Income benefits were then suspended when, on February 17, 1986, the employee returned to work. In April of 1986, the employee was discharged from his employment for reasons having nothing to do with his injury.

Thereafter, the employee requested a hearing, asserting his entitlement to a resumption of income benefits based upon a change for the worse in his economic condition. The employer/insurer then filed notice that the claim for workers' compensation benefits would be controverted, on the ground that the employee's January 1986 injury had not arisen out of and in the course of his employment but had resulted from "horseplay" with a co-worker. The employer/insurer also asserted that the evidence which supported their notice to controvert on this ground was "newly discovered," because it had been brought to their attention only seven days previously.

In August of 1986, the administrative law judge (ALJ) conducted a hearing as to the issue of the employee's entitlement to a resumption of income benefits based upon his January 1986 injury. The ALJ entered an award wherein the following finding of fact was made: "The employer/insurer had paid the [employee's] medical bills and

temporary total benefits and now contend that they have a right to controvert the claim based on newly discovered evidence. I find this contention to be groundless in that the supervisor of the [employee] knew all the facts and circumstances of the [employee's] injury on the date of the original injury (January 24, 1986). Therefore, the employer/insurer had ample opportunity to investigate the [employee's] claim." Having thus found that the employer's/insurer's notice to controvert was not based upon "newly discovered evidence," the ALJ proceeded to find that the employee had in fact suffered a worsening of his economic condition attributable to his on-the-job injury. Accordingly, the ALJ awarded the employee a resumption of income benefits based upon his January 1986 injury.

The employer/insurer appealed the award to the Full Board, which adopted the award of the ALJ. The employer/insurer appealed the award of the Full Board to the superior court, which affirmed the award. The employer/insurer then filed an application to this court for a discretionary appeal from the superior court's affirmance of the Full Board's award. This appeal results from our grant of the employer/insurer's application for a discretionary appeal.

1. The employer/insurer urge that the superior court should have reversed the employee's award on the ground that the Full Board had erroneously failed to consider the merits of their notice to controvert.

OCGA § 34-9-221 contemplates three different time periods within which an employer/insurer can file a notice to controvert liability for workers' compensation benefits. Subsection (d) of OCGA § 34-9-221 provides that the employer's/insurer's initial notice to controvert is to be filed "on or before the twenty-first day after knowledge of the alleged injury or death. . . ." However, this provision is clearly inapplicable in the case at bar, because the employer/insurer did not file such a timely initial notice to controvert liability but, instead, voluntarily initiated payment of benefits to the employee without an award. When, as in the present case, the payment of benefits has already been initiated without an award, it is not subsection (d) but subsection (h) of OCGA § 34-9-221 that is the applicable provision. Within that single provision, two different time periods for the employer/insurer to controvert are established. "Where compensation is being paid without an award, the right to compensation shall not be controverted except upon the grounds of change in condition or newly discovered evidence unless notice to controvert is filed with the board within 60 days of the due date of first payment of compensation." OCGA § 34-9-221 (h). Thus, notwithstanding subsection (d) of OCGA § 34-9-221, the employer/insurer is nevertheless entitled to controvert, for any reason, if the notice is filed within 60 days of the due date of the first voluntary payment of compensation. However, this portion of OCGA § 34-9-221 (h) is also inapplicable in the case at bar,

because the employer/insurer did not file a timely notice to controvert within 60 days of the due date of their first voluntary payment of compensation to the employee. What is the applicable provision here is that portion of OCGA § 34-9-221 (h) which provides that, after the passage of 60 days from the due date of the first payment of compensation made without an award, the employer/insurer "shall not" controvert liability "except upon the grounds of change in condition or newly discovered evidence. . . ." In the present case, the ALJ found that the employer's/insurer's evidence as to their lack of liability was not "newly discovered" and that they had, therefore, shown no right to have consideration given to the merits of their notice to controvert the employee's claim. It is this finding that the employer/insurer urge was erroneously affirmed by the superior court.

There is authority for the employer's/insurer's proposition that, notwithstanding the literal language of the applicable portion of OCGA § 34-9-221 (h), a viable notice to controvert liability based upon any and all grounds can be filed more than 60 days from the date that the first voluntary payment of compensation was made to an employee. "We are of the opinion that an interpretation of subsection (h) of [OCGA § 34-9-221] as a statute of limitation . . . is inconsistent with the statutory scheme of OCGA § 34-9-221 as interpreted by this court. We hold, therefore, that subsection (h) is [not] a statute of limitation. . . . [U]nder the interpretation [of OCGA § 34-9-221 (h) as establishing a 60-day statute of limitation, the employer/insurer would be] required to pay a claim which [might] be without merit solely because [they were] several days late in filing a notice to controvert. We find that inequity to be squarely within the abhorrence of penalties and forfeitures. . . ." *Cagle's, Inc. v. Kitchens*, 172 Ga. App. 698, 699-700 (324 SE2d 550) (1984). There is, however, also authority for the contrary proposition that the applicable portion of OCGA § 34-9-221 (h) does, in effect, establish a 60-day statute of limitation, the running of which will serve to preclude the employer/insurer from filing a notice to controvert except on the limited grounds of change of condition or newly discovered evidence. See *Spiva v. Union County*, 172 Ga. App. 151 (322 SE2d 351) (1984). "These cases simply cannot be read consistently. The court in *Spiva* [*v. Union County*, supra,] went to considerable lengths to find 'newly discovered evidence' in order to comply with the provisions of subsection (h) [of OCGA § 34-9-221]. . . . In [*Cagle's, Inc. v.*] *Kitchens*, [supra,] the Court readily acknowledged that there was no newly discovered evidence in the case nor was there any change in condition so [the *Cagle's, Inc.* decision] dispensed with subsection (h) altogether." Hiers & Potter, Ga. Workers' Compensation-Law & Practice, § 20-5, p. 93 (1986 Supp.). Accordingly, the issue which we must now decide is whether *Cagle's, Inc.* is correct and OCGA § 34-9-221 (h) should be

dispensed with or whether *Spiva* is correct and that statutory provision does effectively create a 60-day statute of limitation whereby, except on the limited grounds of change of condition or newly discovered evidence, the employer/insurer cannot controvert liability as to any injury for which benefits have already been voluntarily paid.

The interpretation given to subsection (h) of OCGA § 34-9-221 in *Cagle's, Inc. v. Kitchens*, supra, was based upon the interpretation which was given to subsection (d) of that statute in *Raines & Milam v. Milam*, 161 Ga. App. 860, 862 (289 SE2d 785) (1982): "We agree . . . that the word 'shall' in [OCGA § 34-9-221 (d)] makes it mandatory that such notice [to controvert] be filed. We do not agree, however, that failure to file such notice within 21 days acts as an estoppel preventing an employer and insurer from controverting a claim for compensation. The General Assembly has provided other sanctions against the failure to so file in [OCGA § 34-9-108 (b) (2)]." Although the provisions are similar, it is clear that subsection (d) and subsection (h) of OCGA § 34-9-221 are intended to accomplish different goals. Subsection (d) addresses the *right of the employer/insurer* to file an *initial* notice to controvert, shortly after the allegedly compensable injury has occurred. The intent is obviously to encourage a prompt investigation by the employer/insurer and an expeditious determination on their part as to whether or not to undertake the voluntary payment of benefits. Thus, those employers/insurers who are being asked to pay invalid claims can controvert and thereby avoid being subjected to an unwarranted financial exposure, whereas those employees who do have valid claims will not experience an unwarranted delay in their receipt of compensation. There is, however, nothing within the actual language of OCGA § 34-9-221 (d) itself which would indicate a legislative intent that the employer's/insurer's act of failing to file a timely initial notice to controvert should be penalized as creating an estoppel to their subsequent filing of a notice to controvert the compensability of the claim. "There is no parallel to such a harsh forfeiture interpretation in either state or federal civil procedure." Hiers & Potter, Ga. Workers' Compensation-Law & Practice, § 20-5, p. 210, fn. 5 (1981 ed.). " ' "Forfeitures are not favored, and courts incline against them. When a statute may be construed so as to give a penalty, and also so as to withhold the penalty, it will be given the latter construction." ' [Cit.] This is particularly true where, as here, adequate sanctions are provided for enforcement of the mandatory provisions of [OCGA § 34-9-221]." *Raines & Milam v. Milam*, supra at 862-863. Accordingly, it is clear that OCGA § 34-9-221 (d) "is not a statute of limitation, a statutory estoppel or bar to contest issues but one of sanctions." *Southern Bell Tel. &c. Co. v. Hodges*, 164 Ga. App. 757, 759 (1) (298 SE2d 570) (1982).

OCGA § 34-9-221 (h), however, stands on an entirely different

footing. By its terms, that provision applies in those circumstances wherein the employer/insurer have already made the decision to initiate the voluntary payment of compensation and have thereby at least implicitly acknowledged the underlying compensability of the employee's injury. Entirely unlike subsection (d), subsection (h) of OCGA § 34-9-221 does not mandate that the employer/insurer "shall" file a notice within a specified time period "if" they wish to controvert the compensability of an injury. Instead, subsection (h) provides that "except" on specified grounds, "the right to compensation *shall not be controverted*" after the passage of 60 days from the due date of the first payment of compensation. (Emphasis supplied.) Thus, subsection (h) is clearly intended to provide some form of protection to the *employee's right to continued receipt* of the compensation that he is or has been voluntarily paid and is not merely intended to encourage the employer's/insurer's prompt investigation and initiation of compensation. Accordingly, those employers/insurers who have not filed a timely initial notice to controvert pursuant to OCGA § 34-9-221 (d), but who have initiated voluntary payment of compensation are given by subsection (h) an additional 60-day period within which they can controvert, on any ground whatsoever, the employee's right to those benefits. See *Southeastern Aluminum Recycling v. Rayburn*, 172 Ga. App. 648 (1) (324 SE2d 194) (1984). After that 60-day period has run, however, the employer/insurer "shall not" controvert the employee's right to compensation "except" on the specified grounds. Thus, OCGA § 34-9-221 (h) would effectively serve as a 60-day statute of limitation, the running of which protects the employee's right to continued compensation from attack by the employer's/insurer's "except" on the specified grounds.

As the decision in *Cagle's, Inc.* notes, the interpretation of subsection (h) of OCGA § 34-9-221 as a 60-day statute of limitation could result in the employer's/insurer's forfeiture of their right to assert a valid basis for controverting a claim and, consequently, in affording an employee the right to continued compensation to which he is not entitled. However, it is also true that, even though forfeitures are not favored, " ' "[a] legislative body should always be presumed to mean something by the passage of an Act" and an Act should not be so construed as to render it "absolutely meaningless." [Cits.]' [Cit.]" *Buice v. Dixon*, 223 Ga. 645, 646-647 (157 SE2d 481) (1967). Any construction of OCGA § 34-9-221 (h) as other than a 60-day statute of limitation upon the employer's/insurer's right to controvert, except on the specified grounds, would render the provision meaningless. As the commentators have noted, the decision in *Cagle's, Inc. v. Kitchens*, supra, had this effect. "This decision simply delete[d] subsection (h) from the Code." Hiers & Potter, Ga. Workers' Compensation-Law & Practice, § 20-5, p. 93 (1986 Supp.). Moreover, a construction of

OCGA § 34-9-221 (h) as a 60-day statute of limitation would not leave the employer/insurer entirely defenseless against continued payment of unwarranted compensation. It would merely limit those grounds upon which the employer/insurer is entitled to controvert the continued payment. See *Spiva v. Union County*, supra. Accordingly, diligent employers/insurers are fully protected under the interpretation of OCGA § 34-9-221 (h) as a 60-day statute of limitation. Therefore, we overrule *Cagle's, Inc. v. Kitchens*, supra, insofar as it holds that OCGA § 34-9-221 (h) is not a 60-day statute of limitation, the running of which results in a limitation as to the grounds upon which the employer/insurer can rely to controvert continued compensation. It necessarily follows that we also reaffirm our holding in *Spiva v. Union County*, supra.

2. The ultimate issue to be resolved in the present case thus becomes whether the ALJ's finding that the employer/insurer had failed to support their notice to controvert by newly discovered evidence was erroneous. As indicated previously, it was upon the employer's/insurer's lack of diligence that the ALJ predicated his refusal to consider their allegedly newly discovered evidence and to address the merits of their notice to controvert. However, the record does not indicate that the employer/insurer failed to exercise diligence in discovering evidence upon which they based their notice to controvert. Compare *Anderson v. Araguel, Sanders, Carter & Swain*, 163 Ga. App. 610 (295 SE2d 750) (1982). Instead, the record indicates that the employer/insurer based their failure of earlier discovery of the evidence upon their having been thwarted by the original misrepresentation of the employee himself and by the subsequent failure of certain of his co-employees to disclose that there existed a questionable basis for the compensability of his injury. See *Spiva v. Union County*, supra. That the employee himself and his co-workers had knowledge of the circumstances surrounding the injury does not necessarily show that the employer/insurer were not diligent in failing to have discovered the evidence earlier. "Even though '(t)he insurer is the alter ego of the employer and what the employer knows the insurer knows as a matter of law . . . ([cit.]), this maxim can have no application where the employer [is himself misled into] mislead[ing] the insurer and [the employer thereby] effectively misdirects the insurer so that it would not ascertain the actual facts before the [running of the 60-day period contemplated by OCGA § 34-9-221 (h)].' " *Spiva v. Union County*, supra at 153 (2).

The concept of "newly discovered evidence" in the context of workers' compensation is not totally analogous to that concept as it applies in other contexts. "There are obviously some distinctions which must necessarily be made in applying this ['newly discovered evidence'] standard to the procedural context of a workers' compensa-

tion claim." Hiers & Potter, Ga. Workers' Compensation-Law & Practice, § 20-5, p. 209 (1981 ed.). Among those distinctions is that there must be a balancing between the prompt and voluntary initiation of the payment of workers' compensation benefit *to* an employee, on the one hand, and the availability, on the other hand, of an opportunity for the employer/insurer to base a notice to controvert upon evidence which the employer/insurer was unable to discover earlier as a result of the employee's own misrepresentation. See *Spiva v. Union County*, supra.

Accordingly, the superior court erred in failing to reverse the employee's award and to remand the claim for the Full Board's consideration of the employer's/insurer's notice to controvert based upon the merits of the newly discovered evidence. "We have held that the insurer was thwarted in its opportunity prior to [the passage of the 60-day period contemplated by OCGA § 34-9-221 (h)] to discover the evidence supporting its claim that [the employee's] accident was not suffered while within the scope and course of employment. Thus, the evidence would not reasonably have been discovered in [a] timely fashion by the insurer and constitutes 'newly discovered evidence.'" *Spiva v. Union County*, supra at 153 (2). In so holding, we do not intimate that, in its reconsideration, the Full Board will be required to accept the employer's/insurer's "newly discovered evidence" and to disbelieve the employee's evidence that his injury was compensable. We hold only that the Full Board is required to consider the "newly discovered evidence" which supports the employer's/insurer's notice to controvert in the same manner as it would any other evidence and, in making its new award on the employee's claim, to accept or reject that "newly discovered evidence" as to non-compensability based upon the relative merits or the lack thereof.

*Judgment reversed and case remanded with direction that a new award be made. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Sognier, Pope, Benham and Beasley, JJ., concur.*

DECIDED JUNE 8, 1988.

*James T. Fordham, R. Kevin Silvey*, for appellants.
*Michael R. Eddings*, for appellee.