S02A0167. MEREDITH v. ATLANTA INTERMODAL RAIL
SERVICES et al.
(561 SE2d 67)

FLETCHER, Chief Justice.

In this workers' compensation case, the employer filed a notice to controvert the employee's claim more than 21 days after learning about the injury. We granted certiorari to consider whether the employer was precluded from raising a defense to the employee's claim for benefits because it filed its late notice to controvert without paying benefits. Based on OCGA § 34-9-221 and the case law interpreting it, we hold that the employer's failure to pay income benefits to the employee before filing a notice to controvert that is untimely under OCGA § 34-9-221 (d) does not bar the employer from raising defenses to the employee's claim for benefits. Because the employer here was not precluded as a matter of law from presenting its defenses and the evidence supports the findings in the administrative proceeding that the employee did not sustain an injury during the course of his employment, we affirm the trial court's denial of benefits.

James Meredith claimed that he was injured while working as a trailer mechanic for Atlanta Intermodal Rail Service, which repairs railroad and trucking company trailers and containers. He filed a notice of claim with the State Board of Workers' Compensation seeking temporary total disability income benefits, medical benefits, and

attorney fees. The employer and its insurer filed the employer's first notice of injury on May 10, 1999, and filed the initial notice to controvert on June 17, 1999, more than 21 days after learning about the employee's injury. In an additional notice filed on July 15, 1999, the employer contended that Meredith did not suffer an injury arising out of or in the course of his employment. The employer did not pay any benefits to the employee before challenging his claim.

The board's administrative law judge found that Meredith was not credible and concluded that he was not entitled to benefits because his injury did not arise out of and in the course of his employment. Meredith appealed to the appellate division of the board, contending that Atlanta Intermodal should not have been allowed to present any defenses because it paid no accrued benefits before filing its late notice to controvert. Rejecting his argument, the appellate division affirmed the denial of his benefits; the superior court affirmed that decision, and the Court of Appeals of Georgia denied his application for discretionary appeal. We granted the employee's petition for certiorari to consider an apparent conflict between the1982 decision of the court of appeals in *Raines & Milam v. Milam*[1] and its 1996 decision in *Cartersville Ready Mix Co. v. Hamby*[2] concerning the employer's right to file a late notice to controvert.

## STATUTES OF LIMITATION IN OCGA § 34-9-221

OCGA § 34-9-221 governs the procedure for employers and insurers to follow in paying income benefits to employees and disputing the employees' claims. Subsection (a) states that benefits shall be paid directly to the claimant, without an award, except when the employer controverts liability. The statute specifies three distinct periods when an employer may file a notice to controvert, with the time running from the date of the employer's knowledge of the injury or death.[3] First, the employer may file a notice under subsection (d) within 21 days of learning about the injury and not pay income benefits until the board issues an award.[4] Second, when the employer has paid benefits to the claimant without a board award, the employer may file a notice under subsection (h) within "60 days of the due date

---

[1] 161 Ga. App. 860 (289 SE2d 785) (1982).

[2] 224 Ga. App. 116 (479 SE2d 767) (1996).

[3] See James B. Hiers, Jr., and Robert R. Potter, Georgia Workers' Compensation § 20-5 (4th ed. 1999); see also *Carpet Transport v. Pittman*, 187 Ga. App. 463, 464-465 (370 SE2d 651) (1988) (describing the three time periods during which employer or insurer can file a notice to controvert).

[4] See OCGA § 34-9-221 (e) (establishing a 15 percent penalty for late payments but relieving employer of its obligation to pay when notice is filed under subsection (d)).

of first payment of compensation," which is 81 days from the date of the employer's knowledge of the injury. Third, subsection (h) also permits the employer that has paid benefits to file a notice more than 81 days after its knowledge of the injury if there has been a change in condition or newly discovered evidence.

In two cases interpreting OCGA § 34-9-221, the court of appeals has held that subsection (h), but not subsection (d), is a statute of limitation on the employer's right to controvert. In *Raines & Milam v. Milam*, a case involving subsection (d), the court of appeals held that the 21-day time period in that subsection is not a statute of limitation that bars the employer from raising any defense to the employee's claim.[5] Instead, the court concluded that the employer who files a late notice may still challenge a claim, but is subject to statutory sanctions for its failure to file a timely notice.[6] In contrast, the court held in *Carpet Transport v. Pittman*,[7] a case involving subsection (h), that subsection (h) is a 60-day statute of limitation that precludes an employer from contesting liability after 81 days on a claim for which it has voluntarily paid benefits, except on the specified grounds of change of condition or newly discovered evidence.[8] The court based its decision in *Pittman* on the different language and purposes of the two subsections. While subsection (d) addresses the employer's right to challenge a claim when the employer quickly determines that it has a basis for contesting payment, subsection (h) protects the employee's right to prompt compensation and continued payments when the claim initially appears valid.[9]

## REQUIRING BENEFIT PAYMENTS UNDER SUBSECTION (H)

The issue in this case is whether subsection (d) or (h) applies when an employer does not file a notice to controvert within 21 days and does not pay any benefits before filing a notice after 21 days. Meredith argues that an employer who knows of a reason to controvert an employee's right to compensation must either (1) make bene-

---

[5] See *Milam*, 161 Ga. App. at 862.

[6] See id.; see also *Southern Bell Tel. & Tel. Co. v. Hodges*, 164 Ga. App. 757, 759 (298 SE2d 570) (1982) (subsection (d) is not a "statute of limitation, a statutory estoppel or bar to contest issues but one of sanctions").

[7] 187 Ga. App. at 467.

[8] See id. at 468 (overruling holding in *Cagle's, Inc. v. Kitchens*, 172 Ga. App. 698 (324 SE2d 550) (1984), that subsection (h) is not a 60-day statute of limitation and reaffirming holding in *Spiva v. Union County*, 172 Ga. App. 151 (322 SE2d 351) (1984), that subsection (h) does establish a statute of limitation).

[9] See *Pittman*, 187 Ga. App. at 466-467; see also *Southeastern Aluminum Recycling v. Rayburn*, 172 Ga. App. 648, 649 (324 SE2d 194) (1984) (subsection (d) applies where employer initially determines it has grounds for challenging claim while subsection (h) applies where the employer has begun payments and later determines that grounds exist for contesting compensation).

fit payments within 21 days after the employer knows of the injury, as required by OCGA § 34-9-221 (b); or (2) file a notice to controvert within 21 days after learning of the injury, as required by OCGA § 34-9-221 (d). Because the employer here did not pay benefits or controvert the claim within 21 days, Meredith contends that its sole remedy was to initiate voluntary payments prior to filing a notice to controvert within 81 days, as provided by OCGA § 34-9-221 (h). In effect, Meredith is asking us to overturn the 20-year-old decision in *Milam*, apply the provisions of subsection (h) whenever the employer fails to file a notice to controvert within 21 days, and require employers to pay all accrued benefits to the employee before being able to challenge the claim after 21 days.

In support of this argument, Meredith relies on the court of appeals' decision in *Cartersville Ready Mix Co. v. Hamby*. In that case, which involved subsection (h), the employer voluntarily paid benefits, but failed to pay the required penalty for late payments before filing its notice to controvert within 60 days of when the first payment was due.[10] The court of appeals held that the employer's notice to controvert was invalid because the employer failed to pay all accrued benefits to the employee. Although the employer argued that it should not be barred from defending its claim under *Milam*, the *Hamby* court distinguished the *Milam* case as involving subsection (d), rather than subsection (h).[11]

OCGA § 34-9-221 (h) applies by its terms only to cases "[w]here compensation is being paid without an award." Given this express statutory language, we decline to interpret subsection (h) as extending to cases like this one where the employer has not paid any compensation. Instead, we hold that an employer is not precluded from presenting a defense to an employee's claim for benefits by its failure to make benefit payments to the employee before filing a notice to controvert that is late under OCGA § 34-9-221 (d).

We recognize that this decision creates the anomalous result that an employer who files a late challenge without making any benefit payments is permitted to raise defenses to an employee's claim whereas an employer who files a late challenge after making incomplete benefit payments is not, but the different purposes of subsections (d) and (h) and the penalties imposed for violations of subsection (d) provide some rationale for this seemingly unfair result. Moreover, we are reluctant to engraft onto the statute the requirement that an employer *must* pay income benefits before filing a notice to controvert after 21 days. The case law has consistently dis-

---

[10] See *Hamby*, 224 Ga. App. at 116.
[11] See id. at 119.

tinguished between employers' challenges filed under subsection (d) and subsection (h),[12] the state board has interpreted subsection (h) as applying "only when income benefits are being paid,"[13] and the General Assembly has failed to overturn either the court decisions or agency rules despite frequent amendments to the statute.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 2002.

*Smith, Wallis & Scott, Christopher B. Scott*, for appellant.

*Carlock, Copeland, Semler & Stair, Robert C. Semler*, for appellees.

*Perkins & Perkins, Cliff Perkins*, amicus curiae.

---

[12] See, e.g., *Hamby*, 224 Ga. App. at 119; *Pittman*, 187 Ga. App. at 466-468; *Rayburn*, 172 Ga. App. at 648-649.

[13] See State Board of Workers' Compensation Rule 221 (h).