55138. RANGER INSURANCE COMPANY et al. v. SPECK.

QUILLIAN, Presiding Judge.

Appeal was taken from the superior court's affirmance of two awards by the State Board of Workmen's Compensation: (1) a change in condition award, and (2) an award of vocational rehabilitation. The claimant, a policeman, was shot in the line of duty and received compensation therefor. Subsequently, the administrative law judge found that the claimant, as a result of a fall in his home, had undergone a change in condition and had become totally disabled. During the pendency of the appeal to the full board, a rehabilitation plan was submitted for approval pursuant to Rule 501 of the State Board of Workmen's Compensation. Under the proposed plan, the claimant was to participate in a program at Kennesaw Junior College designed to allow him to receive an associate arts degree and thus be

qualified as an accountant or bookkeeper. The board upheld the award of the administrative law judge and approved the vocational rehabilitation award. These two awards were appealed to the superior court which affirmed. *Held:*

1. The evidence was sufficient to sustain the award of the State Board of Workmen's Compensation that the claimant had undergone a change in condition.

2. The board of workmen's compensation did not abuse its discretion in sending claimant to college for two years to be trained for suitable employment. Rule 501 (c) 1 of the rules and regulations of board provides: "Rehabilitation shall be provided each incapacitated employee to the extent necessary and practical to reduce disability and facilitate return to suitable employment. Consistent with and in addition to medical and other treatment, rehabilitation may include but is not limited to: goods and services necessary in assessment, vocational evaluation, guidance and counseling, vocational planning, vocational training and vocational placement."

The board was authorized to find that provision for the claimant's education was necessary and practical to reduce his disability and facilitate his return to suitable employment.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

A RGUED JANUARY 12, 1978 — DECIDED FEBRUARY 21, 1978 — REHEARING DENIED MARCH 16, 1978.

*Van Gerpen & Bovis, Steven J. Kyle,* for appellants.
*Brackett, Arnall & Stephens, H. P. Arnall, John F. Schindelar,* for appellee.