### 75843. ATLANTA CARE CONVALESCENCE CENTER v. TRAVELERS INSURANCE COMPANY et al.
(370 SE2d 40)

BEASLEY, Judge.

We granted employer Atlanta Care Convalescence Center discretionary appeal from the lower court's affirmance of an award of the State Board of Workers' Compensation which adopted the ALJ's award in favor of claimant Vanatta, and of Travelers insofar as concerns this appeal.

On February 22, 1985, Vanatta fell on wet steps as she attempted to enter the employer's building to begin the work day, injuring her neck, back, and right wrist. She had also had two prior mishaps in 1982, not work related, which resulted in injury to her right wrist. On November 4, 1985, she again injured her neck, back, and wrist in the workplace while trying to move a loaded file cabinet. Her right hand hit hard against the filing cabinet when she lost her balance with her weight falling against the hand jamming the wrist. At the time of the February 22 injury the employer did not carry workers' compensation coverage. It paid Vanatta full wages throughout the disability period following the first work injury. Medical expenses were paid by the group health carrier. The employer secured workers' compensation insurance with The Travelers Insurance Company prior to the November 4 incident with the file cabinet. The insurer accepted claimant's November 4 neck and back injuries as compensable but refused medical or income benefits for claimant's wrist injury, initially upon the basis that no mention of the wrist injury was reported on claimant's WC-1. Following the incident on February 22, Vanatta worked regularly until the November 4 accident but thereafter lost time from work and underwent wrist surgery.

The ALJ found that the February fall aggravated a pre-existing condition in claimant's wrist, that "[t]he incident on November 4, 1985, while probably increasing the pain in claimant's wrist, as well as her neck and back, was not shown except by inference to be an aggravation of the wrist injury; the preponderance of the evidence pointing to the February 22nd fall as being the principal aggravation," and thus, "that on that date [November 4] claimant suffered an injury by accident to her right wrist and her subsequent disability following

surgery . . . constituted a change in condition from the original accident on February 22, 1985."

The ALJ ordered, among other things, that the employer, with no coverage, pay all the medical expenses necessary to effect a cure or give relief from the injuries of February 22 and November 4, 1985, relating to treatment for the claimant causally related to the right wrist injury on February 22 and any future medical treatment required. The ALJ further ordered that the employer pay a $350 penalty to the Board and a penalty of $1,000 in attorney fees.

1. The employer contends that the lower court erred as a matter of law by affirming the finding that the November incident constituted a change in condition rather than a new injury and thereby concluding that the employer alone was responsible for the medical bills incurred. They were largely for surgeries on claimant's wrist following the November mishap.

Where a claimant sustains a second accident as the result of a specific job-related incident which aggravates a pre-existing condition resulting from a prior accident, the second accident which aggravated the pre-existing condition is a new injury if the second accident at least partially precipitated the claimant's disability. It is a new injury whether the claimant is immediately disabled or if he continues to work after the second accident and his condition gradually worsens until he is forced to cease his employment. *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (1) (b) (248 SE2d 678) (1978). See also *Maryland Cas. Co. v. Walls*, 184 Ga. App. 267, 268 (1) (361 SE2d 253) (1987), and *Holt's Bakery v. Hutchinson*, 177 Ga. App. 154, 156 (1) (338 SE2d 742) (1985), a physical precedent. It is not a question of "principal aggravation."

This is precisely the situation here. The ALJ's findings as supported by the evidence mandate the legal conclusion that claimant suffered a new injury on November 4 and not a change in condition. Therefore the ALJ erroneously allocated financial responsibility to the employer apart from the insurer for medical bills for treatment of Vanatta's wrist following the November incident.

Thus, the lower court erred in affirming the Board's adoption of the ALJ's award solely against the employer and that portion of the award is reversed and the case remanded to the Board for action accordingly.

2. The employer also contends that the lower court erred in affirming the Board award as to the civil penalty of $350 because the employer maintains that claimant's request for a hearing did not contain notice that penalties were being sought and that the ALJ failed to notify it that this issue would be considered at the hearing, so that assessment violated due process. We address this issue because the imposition of a penalty under OCGA § 34-9-18 (a) is a separate ques-

tion from the employer's liability for benefits.

The record supports the employer's contentions in this regard. Moreover, appellees do not dispute the lack of notice. Accordingly, the lower court erred in affirming the award of civil penalties. *Atlanta Janitorial Svc. v. Jackson*, 182 Ga. App. 155, 157 (1) (355 SE2d 93) (1987). We therefore reverse the assessment of civil penalties, OCGA § 34-9-18 (a), and remand the issue to the Board for proper procedural resolution. *Atlanta Janitorial Svc. v. Jackson*, supra at 157 (1).

*Judgment affirmed in part and reversed in part and case remanded. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 31, 1988.

*Jeffrey E. Hickcox, Thomas C. Holcomb*, for appellant.
*Charles H. Lumpkin, Jr., E. Scott Slappey*, for appellee.