75944. JACKSON v. PEACHTREE HOUSING DIVISION OF
C. O. SMITH INDUSTRIES et al.
(371 SE2d 112)

McMURRAY, Presiding Judge.

We granted a discretionary appeal in this workers' compensation case. The issues are threefold: (1) Whether claimant's request for a change in condition was barred by the statute of limitation? (2) Whether the evidence supports the award of the board denying claimant's request for a change in condition? (3) Whether the board properly awarded claimant rehabilitation benefits?

Claimant, a truck driver, suffered a compensable injury to his back on February 25, 1980. The employer/insurer accepted claimant's workers' compensation claim and he was paid income benefits beginning on February 25, 1980. On August 21, 1980, benefits were suspended pursuant to a Form WC 2 which was filed on August 13, 1980. The form stated that benefits were suspended because claimant was "able to return to work." Following a hearing, the Administrative Law Judge determined that claimant's income benefits had been "properly suspended." That award was affirmed by the full board.

Thereafter, claimant sought the board's authorization for a change in the treating physician. On December 1, 1982, claimant's request was denied. The employer/insurer was ordered, however, to have the claimant evaluated for rehabilitation services and to bear the cost of any such services. The employer/insurer appealed from that portion of the Administrative Law Judge's order.

Before the rehabilitation issue was heard by the full board, it was advised that the parties settled the case. Accordingly, the full board

postponed a decision on the rehabilitation issue. The settlement was never consummated, however, and no further action was taken in the case until October 1985. At that time, claimant requested a hearing to consider issues of change in condition, partial/permanent disability, medical expenses and rehabilitation.

Pursuant to claimant's request, a hearing was held on January 14, 1986. At the hearing, the employer/insurer defended on the ground that, inter alia, the claimant's request for a change in condition was barred by the two-year statute of limitation (OCGA § 34-9-104 (b)). The Administrative Law Judge determined that the change in condition request was not time barred. He found, however, that claimant did not undergo a change in condition requiring the employer/insurer to recommence the payment of compensation benefits. In this regard, the Administrative Law Judge found "that the claimant suffered a concussion to his spinal cord in the cervical region as a result of his February 25, 1980 injury [and] that as a result of this the claimant has developed a certain amount of spasticity which impairs his fine coordination of his left leg and arm. Despite these problems . . . the claimant has continued to perform work driving a tractor when called upon to do so by a local farmer. The claimant has also been able to mow lawns, both at his own home, his mother's home and at a third person's home. The claimant is paid for mowing the lawn of the third person." The Administrative Law Judge concluded: "Although the claimant is able to do work which is suitable to his impaired condition, I do not find that the claimant has made any effort to find other work suitable to his impaired condition other than those employments previously mentioned. I do not find that the claimant has made a sincere effort to find other suitable employment by which he could reduce or terminate his economic disability . . . Therefore, I do not find that the claimant has shown he has experienced such a change in condition . . . which would require the employer/insurer to recommence payment of total disability income benefits to him."

With regard to the rehabilitation issue, the Administrative Law Judge determined that claimant was in need of rehabilitation services. Accordingly, he directed the employer/insurer to supply claimant with a vocational rehabilitation evaluation and "such other rehabilitative services as may be necessary to restore the claimant to suitable employment."

Claimant appealed to the full board; so did the employer/insurer. The board adopted the award of the Administrative Law Judge (one member dissented with regard to the rehabilitation directive) and the parties appealed to the superior court.

Based on the any evidence rule, the superior court affirmed that portion of the board's award finding that claimant did not undergo a

change in condition. It reversed the award of the board, however, in two respects. First, it ruled that claimant's request for a change in condition was barred by the two-year limitation provision of OCGA § 34-9-104 (b). Second, it held that claimant was not entitled to rehabilitation benefits since the board determined that he was no longer economically disabled as a result of his 1980 injury.

Claimant sought discretionary review of the superior court's judgment. We granted claimant's discretionary appeal application and this appeal followed. *Held*:

1. Pursuant to OCGA § 34-9-104 (b), a party may apply for a decision based on a change in condition so long as the application is brought within two years of "the date of final payment of income benefits due under this chapter." Did the employer/insurer make final payment of the income benefits due claimant under Chapter 9 (the Workers' Compensation Act)? Apparently not.

OCGA § 34-9-221 (i) (formerly Code Ann. § 114-705 (i); Ga. L. 1978, pp. 2220, 2229) provides: "Where compensation is being paid with or without an award and an employer or insurer elects to controvert on the grounds of a change in condition or newly discovered evidence, the employer shall, not later than ten days prior to the due date of the first omitted payment of income benefits, file with the board and the employee or beneficiary a notice to controvert the claim in the manner prescribed by the board." Pursuant to this Code section, an employer/insurer must give advance notice of 10 days before suspending benefits on the grounds of change in condition.

In the case sub judice, income benefits were suspended on August 21, 1980, pursuant to a Form WC 2 which was filed on August 13, 1980. Accordingly, benefits were suspended prematurely by two days. Under the Act, claimant is entitled to an additional two days of income benefits. See Rule 221 (i) of the Rules & Regulations of the State Board of Workers' Compensation.

Since final payment of income benefits due under the Act has not been made by the employer/insurer it cannot be said that the two-year statute of limitation has run. *Holt's Bakery v. Hutchinson*, 177 Ga. App. 154, 159 (3) (338 SE2d 742). It follows that the superior court erred in ruling that claimant's request for a change in condition was time barred.

The employer/insurer contends that the board was estopped from ruling that benefits were still due under the Act since it initially found that claimant's income benefits were "properly suspended." We cannot accept this analysis. The issue at the initial hearing was whether benefits were properly suspended on the ground that claimant was able to return to work. The focus of the board was on claimant's disability vel non. Finding that claimant was able to work, the board approved of the suspension of income benefits. In so doing, the

board gave no consideration whatsoever as to whether claimant's benefits were "properly suspended" in accordance with OCGA § 34-9-221 (i). Since that issue was not decided at the initial hearing, it cannot be said the board was estopped from considering it later.

The employer/insurer also contends that benefits are not due under the Act because the medical evidence shows claimant was no longer disabled after *August 1, 1980*. Completing the argument, the employer/insurer asserts that claimant actually received more benefits than he was entitled to receive since benefits were not suspended until August 21, 1980. This argument misses the mark. The Act requires 10 days *notice* before the suspension of benefits. It matters not when the employer/insurer was entitled to suspend benefits. Notice of the suspension is the key. The claimant is entitled to benefits for 10 days following the filing of such notice.

2. "A finding of fact by the board, when supported by any evidence, is conclusive and binding upon the court, and a judge of the superior court does not have authority to set aside an award based on those findings of fact. [Cits.]" *Banks v. Royal Globe Ins. Co.*, 160 Ga. App. 18 (286 SE2d 309). The evidence supports the board's finding that claimant was able to return to work. Accordingly, the superior court did not err in affirming that portion of the board's award denying claimant's request for a change in condition.

3. "Rehabilitation services" means many things. Generally speaking, the term is applied to both medical rehabilitation services and vocational rehabilitation services. More particularly, it embodies medical treatment, vocational evaluation and counseling, psychological evaluation, job planning, job placement and additional training. See generally Rule 200.1 of the Rules & Regulations of the State Board of Workers' Compensation; *Ranger Ins. Co. v. Speck*, 145 Ga. App. 327, 328 (2) (243 SE2d 593). The goal of such services is to restore (1) maximum physical function and (2) suitable employment. OCGA § 34-9-200.1 (a); Rule 200.1 of the Rules & Regulations of the State Board of Workers' Compensation. In short, "rehabilitation services" undertake "the task of restoring the man himself to the maximum usefulness that he can attain under his physical impairment." 2 Larson, The Law of Workmen's Compensation, § 61.21. To accomplish that task, employers must furnish employees with rehabilitation services which the board, in its discretion, deems necessary and practical. OCGA § 34-9-200.1; *Ranger Ins. Co. v. Speck*, 145 Ga. App. 327, supra.

It is contended that the board abused its discretion in this case by directing the employer to furnish a rehabilitation evaluation and other necessary rehabilitative services. In this regard, it is argued that such a directive flies in the face of the board's finding that "claimant is able to do work which is suitable to his impaired condition."

This argument is based on a myopic view of rehabilitation services. The mere fact that claimant is able to work at a job "suitable to his impaired condition" does not mean that he is not in need of medical, psychological or vocational services. After all, claimant is still physically impaired as a result of his compensable injury. Moreover, he has not found suitable work. True, claimant has not made any effort to find such work. But perhaps, with proper vocational guidance and counseling, claimant will be motivated to make such an effort. And, perhaps, with proper job planning and placement, he will succeed.

The board was authorized to require the furnishing of a rehabilitation evaluation and other rehabilitation services deemed necessary. *Ranger Ins. Co. v. Speck*, 145 Ga. App. 327, supra. The superior court erred in ruling otherwise.

4. The superior court erred in ruling that claimant's request for a change in condition was time barred and that claimant was not entitled to rehabilitation benefits. It correctly ruled that the evidence supported the board's finding that claimant did not undergo a change in condition.

*Judgment affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

DECIDED JUNE 13, 1988 —
REHEARING DENIED JUNE 23, 1988 — ■■■■■■

*G. Gerald Kunes*, for appellant.
*Daniel C. Kniffen*, for appellees.