A90A0284. STATE WHOLESALERS, INC. et al. v. PARKS et al.
(392 SE2d 64)

BIRDSONG, Judge.

We granted discretionary appeal in this case to determine whether the trial court erred in assessing against appellants State Wholesalers, Inc. (employer) and its workers' compensation carrier (The Atlantic Companies), an award amounting to $32,633.29 payable to Blue Cross/Blue Shield of Georgia. The award was granted for medical expenses incurred by Blue Cross as the group health insurer for employer, prior to the date any workers' compensation claim was ever filed, and prior to the date The Atlantic Companies became the workers' compensation insurance carrier for the employer. The claimant was first injured in 1985 and neither sought nor received any

workers' compensation benefits, but his medical expenses were paid by employer's group health insurance carrier, Blue Cross/Blue Shield. In 1987, claimant filed a claim for workers' compensation benefits against employer's former workers' compensation carrier, Royal Insurance Company, which the board dismissed as barred by the statute of limitations. Appellant Atlantic was employer's workers' compensation insurer in July 1987, when claimant sustained, and filed a claim for, a "new injury," according to the board's finding of fact.

After claimant's filing of a claim for his "new injury" in 1987, Blue Cross/Blue Shield in 1988 interposed a claim by letter, as a "Party at Interest" pursuant to OCGA § 34-9-206, asking for reimbursement of $32,622.29 which it had paid as group carrier for medical expenses. The board ordered appellants "to pay the employee, or reimburse the provider as may be appropriate, for the cost of any and all medical treatment which is reasonable in amount and necessary to effect a cure and/or give relief to the employee's injury resultant [sic] condition. . . . [T]he term 'provide[r]' includes but is not limited to Blue Cross/Blue Shield of Georgia, Inc. . . ." *Held*:

1. OCGA § 34-9-206 provides: "(a) A group insurance company or other health care provider who covers the costs of medical treatment for a person who subsequently files a claim under [Title 34, Chapter 9] may give notice in writing to the board at any time during the pendency of proceedings before the board that such provider is a party at interest. (b) . . . [T]he board shall be authorized to order the employer or insurance carrier to repay the group insurance company or other health care provider the funds it has expended for the claimant's medical treatment, *provided that such employer or its workers' compensation . . . carrier is liable under this chapter for such medical treatment. . . .*" (Emphasis supplied.)

The board specifically found that by virtue of statutory limitations (OCGA § 34-9-82 (a)) the employer and its former workers' compensation carrier, Royal Insurance Company, were not liable for any claim arising from claimant's 1985 injury, and for which he sought no treatment until at least October 12, 1986. The board further found that since the claimant had never filed a workers' compensation claim prior to November 1987, nor been given a workers' compensation award, he could not be found to have suffered a "change in condition," but that he did suffer a "new injury" on July 24, 1987, when he was forced to cease work. See *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (1) (a) (248 SE2d 678). Upon this basis alone, the board found Atlantic responsible to pay benefits under this claim.

We agree with appellants that they cannot be liable for an award of reimbursement to Blue Cross/Blue Shield for medical expenses incurred by claimant prior to the date of the "new injury" on July 24, 1987. OCGA § 34-9-206 (b) provides specifically that they are entitled

to reimbursement only if the employee and insurer are liable for such treatment. OCGA § 34-9-206 (b). Inasmuch as appellants have been found liable for benefits only for, and by virtue of, the occurrence of a "new injury" on July 24, 1987, they could not be liable for any expenses *incurred* prior to that date, or for any expenses not reasonable and necessary for treatment of the "new injury." Blue Cross/Blue Shield is therefore not entitled to reimbursement for any benefits *incurred* prior to that date, or on account of any prior injury or condition.

Blue Cross/Blue Shield has filed no brief in this court seeking to prove the legality of the award. The board made no attempt to distinguish or find whether any of the charges were related to the "new injury" alone. Appellants are not liable to reimburse Blue Cross/Blue Shield for any medical expenses incurred prior to July 14, 1987, or on account of any previous injury or condition. Accordingly, the board must reconsider the specific evidence and render appropriate findings of fact.

2. We are bound by the "any evidence" rule (*Jackson v. Peachtree Housing &c.*, 187 Ga. App. 612, 615 (371 SE2d 112)) to uphold the superior court's affirmance of the "new injury" award of liability. See, as the finding of "new injury," *Atlanta Care Convalescence Center v. Travelers Ins. Co.*, 187 Ga. App. 283, 284 (370 SE2d 40).

The case is to be remanded to the board for reconsideration of the evidence offered by Blue Cross/Blue Shield, for findings not inconsistent herewith.

*Judgment affirmed in part and reversed in part with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 15, 1990.

*Lowendick, Sligh, Presmanes & Speed, H. Durance Lowendick, James G. Jackson*, for appellants.

*Steven A. Westby, John A. Moore, E. Lee Southwell III*, for appellees.