A06A0397. TRAX-FAX, INC. et al. v. HOBBA.

(627 SE2d 90)

BLACKBURN, Presiding Judge.

In this discretionary appeal, employer Trax-Fax and insurer Travelers Indemnity (collectively "Travelers") appeal a ruling of the superior court reversing the State Board of Workers' Compensation's (the "Board") award of reimbursement of disability benefits, previously paid to Buddy Hobba, in favor of Travelers. Travelers contends that the superior court erred by (1) failing to apply the "any evidence" standard in reviewing the Board's decision; (2) interpreting OCGA § 34-9-245 as a statute of repose and applying it retroactively to bar any claims for reimbursement of benefits paid more than two years prior to the application for reimbursement; and (3) reversing the Board's award of attorney fees, assessment of a civil penalty against Hobba, and referral of the matter to the Board's Fraud and Compliance Enforcement Division. For the reasons set forth below, we affirm in part and reverse in part.

In the absence of legal error, the factual findings of the Board must be affirmed by the superior court and the Court of Appeals when supported by any evidence in the administrative record. *Ga.-Pacific Corp. v. Wilson.*[1] "Moreover, in determining whether evidence in the case meets the 'any evidence' rule, the evidence will be construed in the light most favorable to the party prevailing before the Board and every presumption in favor of the Board's award is indulged." (Punctuation omitted.) *Footstar, Inc. v. Stevens.*[2] However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to a de novo standard of review. *Trent Tube v. Hurston.*[3]

The record demonstrates that Hobba is the president and sole shareholder of the employer, Trax-Fax, a company in the business of inspecting railroad tracks to determine their compliance with regulatory standards. Other than Hobba's wife, the company does not employ any additional full-time employees. On July 28, 1998, Hobba was seriously injured in a work-related accident. Based on this injury, he was awarded temporary total disability ("TTD") workers' compensation benefits. Travelers suspended Hobba's benefits on April 24, 2002, but it was not until December 10, 2003, that Travelers filed a notice of suspension of benefits, alleging that Hobba had improperly continued to receive benefits despite returning to work less than a year after his accident. In conjunction with this notice, Travelers

---

[1] *Ga.-Pacific Corp. v. Wilson*, 240 Ga. App. 123, 126 (1) (522 SE2d 700) (1999).

[2] *Footstar, Inc. v. Stevens*, 275 Ga. App. 329, 330 (620 SE2d 588) (2005).

[3] *Trent Tube v. Hurston*, 261 Ga. App. 525 (583 SE2d 198) (2003).

requested a hearing to determine whether it was entitled to reimbursement of all benefits paid to Hobba. Additionally, Travelers sought attorney fees, litigation expenses, civil penalties, and referral of the matter to the Enforcement Division for potential criminal prosecution.

After a hearing and review of briefs filed by both parties, the administrative law judge ("ALJ") found that Hobba was never totally economically disabled and that a statute of limitation defense raised by Hobba in his brief[4] was waived because it had not been raised at the hearing. Consequently, the ALJ ruled that Travelers was entitled to full reimbursement of benefits pursuant to OCGA § 34-9-104 (d). The ALJ further ordered Hobba to pay attorney fees and litigation expenses, as well as a civil penalty, and referred the matter to the Board's Enforcement Division. Hobba appealed this ruling to the Board, arguing that the ALJ incorrectly found OCGA § 34-9-245 to be a statute of limitation as opposed to a total bar against any reimbursement claims asserted more than two years after the actual overpayment. The Board upheld the ALJ's ruling that Travelers was entitled to full reimbursement, as well as attorney fees, and that Hobba be assessed a civil penalty, but reversed the award of litigation expenses. In addition, the Board agreed with the ALJ's finding that Hobba had waived any statute of limitation defense and further stated that because his injury predated the enactment of OCGA § 34-9-245, Hobba could not apply the statute retroactively as a defense to Travelers's claims.

Hobba appealed to the superior court, focusing his argument on the assertion that OCGA § 34-9-245 constituted a statute of repose and that, therefore, any claims for reimbursement of overpayments made more than two years prior to Travelers's December 10, 2003 hearing request were abrogated. The superior court agreed and reversed the Board in part, ruling that because OCGA § 34-9-245 was a statute of repose, Travelers was entitled to reimbursement for benefits paid on or after December 10, 2001, but was not entitled to recover any benefits paid prior to that date. The court also reversed the award of attorney fees, the assessment of the civil penalty, and the referral of the matter to the Enforcement Division. This discretionary appeal sought by Travelers followed.

1. In its first enumeration of error, Travelers contends that the superior court erred in failing to apply the "any evidence" rule when

---

[4] Hobba's brief to the ALJ contended that OCGA § 34-9-104 (b) established a two-year statute of limitation for overpayment claims. Additionally, Hobba contended that OCGA § 34-9-245 barred any claim for overpayments asserted more than two years after the overpayment was made. Hobba did not specifically argue that OCGA § 34-9-245 constituted a statute of repose.

it reversed the decision of the Board. It is axiomatic, as previously stated, that neither the superior court nor this Court may disturb the Board's findings of fact if they are based on any evidence contained in the record. See *Ga.-Pacific Corp.*, supra. The superior court's partial reversal of the Board's reimbursement award to Travelers, however, was based on a legal interpretation of OCGA § 34-9-245 as a statute of repose rather than as a statute of limitation. In reviewing an application of the law, the superior court was not bound by the "any evidence" rule and, indeed, correctly scrutinized the Board's ruling on this issue under a de novo standard of review. See *Trent Tube*, supra.

In contrast to its review of the Board's interpretation of OCGA § 34-9-245, the superior court's review of the Board's findings warranting an award of attorney fees to Travelers, a civil penalty assessment against Hobba, and a referral of the matter to the Enforcement Division was governed by the "any evidence" standard. See *Atlanta Janitorial Svc. v. Jackson.*[5] We examine in Division 3, below, whether the superior court correctly applied this standard in its reversal of the Board's findings as to these issues.

2. Travelers also contends that the superior court erred in justifying its partial reversal of the Board's reimbursement award on the ground that OCGA § 34-9-245 constitutes a statute of repose abrogating any claims for reimbursement asserted more than two years after the actual overpayment was made. Travelers specifically argues that OCGA § 34-9-245 is a statute of limitation which was waived when Hobba failed to assert it as a defense prior to the hearing before the ALJ. Alternatively, Travelers argues that even if OCGA § 34-9-245 constitutes a statute of repose, its enactment one year after Hobba's injury precludes its retroactive application. We disagree and find that OCGA § 34-9-245 constitutes a statute of repose which may be properly applied in this matter. Consequently, we affirm the superior court's ruling that Travelers's reimbursement claims for overpayments made prior to December 10, 2001, are abrogated.

(a) *Statute of Repose.* "Statutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation." *Integon Indem. Corp. v. Canal Ins. Co.*[6] In reviewing a statute, we presume that the legislature enacts all statutes with knowledge of the existing laws. *Simmons v. Sonyika.*[7]

[5] *Atlanta Janitorial Svc. v. Jackson*, 182 Ga. App. 155, 157 (1) (355 SE2d 93) (1987).

[6] *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186) (1987).

[7] *Simmons v. Sonyika*, 279 Ga. 378, 379 (614 SE2d 27) (2005).

Moreover, in specifically reviewing a statute to determine whether it was intended as a statute of repose, we consider that

> [t]he distinction between the statute of limitation and the statute of repose . . . is clear. A statute of limitation is a procedural rule limiting the time in which a party may bring an action for a right which has already accrued. A statute of ultimate repose delineates a time period in which a right may accrue. If the injury occurs outside that period, it is not actionable.

(Punctuation omitted.) Id. Furthermore, a statute of repose is also distinct from a statute of limitation in that

> [a] statute of repose stands as an unyielding barrier to a plaintiff's right of action. The statute of repose is absolute; the bar of the statute of limitation is contingent. The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists.

(Citation omitted.) Id.

Here, OCGA § 34-9-245 reads:

> Should the board find that a claimant has received an overpayment of income benefits from the employer, for any reason, the board shall have the authority to order repayment on terms acceptable to the parties or within the discretion of the board. *No claim for reimbursement shall be allowed where the application for reimbursement is filed more than two years from the date such overpayment was made.*

(Emphasis supplied.) The specific language "no claim for reimbursement shall be allowed" bears the distinctive hallmarks of a statute of repose in that it is prohibitive and contemplates an absolute barrier to a plaintiff's reimbursement right of action commenced more than two years after an actual overpayment.

A review of other statutes of repose reveals similar prohibitive language and delineations of time within which a right may accrue. For instance, OCGA § 9-3-71 (b), the medical malpractice statute of repose, provides that "in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." See id. The statute of repose pertaining to improvement of real property provides that "[n]o

action to recover damages . . . shall be brought against any person performing . . . construction of such an improvement more than eight years after substantial completion of such an improvement." OCGA § 9-3-51 (a). See *Armstrong v. Royal Lakes Assoc.*[8] Similarly, the product liability statute of repose provides that "[n]o action shall be commenced . . . with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing . . . the injury." OCGA § 51-1-11 (b) (2). See *Hunter v. Werner Co.*[9] Contrary to Travelers's assertions, the fact that OCGA § 34-9-245 does not contain terms explicitly labeling itself as a statute of repose is not dispositive given the existence of other acknowledged statutes of repose which also lack such self-designating language. See *Armstrong,* supra; *Hunter,* supra.

Additionally, even if we were to assume that the language in OCGA § 34-9-245 were ambiguous, rules of statutory construction dictate that we interpret the Act as a statute of repose. "Where the language of a statute is capable of more than one meaning, this Court should interpret the statute so as to carry out the legislative intent." *Aldrich v. City of Lumber City.*[10] The context within which OCGA § 34-9-245 was enacted lends support to the superior court's finding that the legislature intended the act as a statute of repose. In 1998, *Bahadori v. Nat. Union Fire Ins. Co.*[11] held that OCGA § 34-9-104 (b) established a two-year statute of limitation for administrative actions to recover overpayment of workers' compensation benefits pursuant to OCGA § 34-9-104 (d) (2). Importantly, the Supreme Court's decision also held that OCGA § 34-9-104 (d) (2) was "narrowly tailored so as to permit the board to adjudicate an overpayment claim only when it arises in the context of a change of condition hearing." *Bahadori,* supra at 204 (1). Less than one year later, the legislature enacted OCGA § 34-9-245 in order "to empower the board to order a reimbursement of the overpayment of income benefits to a claimant" independent of whether such claims arose in the context of a change of condition hearing. See Ga. L. 1999, p. 817. In expanding the Board's authority, however, the legislature delineated an ultimate two-year time limit within which a right to reimbursement for overpayment may accrue.

Presuming, as we do, that the legislature enacts all statutes with knowledge of the existing laws, and construing OCGA § 34-9-245 in pari materia with the statute of limitation in OCGA § 34-9-104 (b), we

---

[8] *Armstrong v. Royal Lakes Assoc.,* 232 Ga. App. 643, 644 (1) (502 SE2d 758) (1998).

[9] *Hunter v. Werner Co.,* 258 Ga. App. 379, 383 (2) (574 SE2d 426) (2002).

[10] *Aldrich v. City of Lumber City,* 273 Ga. 461, 464 (542 SE2d 102) (2001).

[11] *Bahadori v. Nat. Union Fire Ins. Co.,* 270 Ga. 203 (507 SE2d 467) (1998).

conclude that the former statute was intended as a statute of repose. See *SRM Realty Svcs. Group v. Capital Flooring Enterprises*;[12] *Simmons*, supra. To conclude otherwise and interpret OCGA § 34-9-245 as an additional separate two-year statute of limitation for reimbursement claims, as Travelers suggests, would create competing procedural schemes whereby reimbursements sought in the context of change of condition hearings (under OCGA § 34-9-104 (b)) would have a two-year statute of limitation commencing on the date the last payment was actually made, while reimbursements sought independent of such hearings (under OCGA § 34-9-245) would have a two-year statute of limitation commencing on the date of each separate payment. See *Trent Tube*, supra at 527 (1). We refuse to countenance an interpretation of OCGA § 34-9-245 that would produce these potentially disparate results. See *City of Atlanta v. Miller*;[13] *Tuten v. City of Brunswick*.[14] Moreover, OCGA § 34-9-245, through its imposition of a two-year outside limit on the ability to bring reimbursement claims, fulfills the recognized purpose of statutes of repose, which is to provide potential defendants with the certainty of knowing when claims will no longer be actionable. See *Simmons*, supra at 380; *Colormatch Exteriors v. Hickey*.[15] Without this imposition, no such certainty would exist given that under the statute of limitation contained in OCGA § 34-9-104 (b), a claim for reimbursement could remain actionable no matter when the initial overpayment was made so long as the claim seeking reimbursement was filed within two years of when the last payment was actually made. See *Trent Tube*, supra at 527 (1).

Accordingly, we find that the superior court correctly ruled that OCGA § 34-9-245 constitutes a statute of repose, which destroys the previously existing right to bring reimbursement claims. Furthermore, unlike a statute of limitation, a statute of repose generally cannot be waived, if not initially pled, or tolled. See *Miller v. Vitner*[16] (statute of ultimate repose does not bar a cause of action from being brought, which is a defense to the merits that can be waived, but abrogates any cause of action so that no cause of action continues to exist); *Simmons*, supra at 379-380 ("by definition a statute of ultimate repose cannot be tolled") (punctuation omitted); *Osburn v. Goldman*[17] ("[b]y definition a statute of ultimate repose cannot be

---

[12] *SRM Realty Svcs. Group v. Capital Flooring Enterprises*, 274 Ga. App. 595, 599 (1) (617 SE2d 581) (2005).

[13] *City of Atlanta v. Miller*, 256 Ga. App. 819, 820 (1) (569 SE2d 907) (2002).

[14] *Tuten v. City of Brunswick*, 262 Ga. 399, 404 (7) (a) (i) (418 SE2d 367) (1992).

[15] *Colormatch Exteriors v. Hickey*, 275 Ga. 249, 252 (2) (569 SE2d 495) (2002).

[16] *Miller v. Vitner*, 249 Ga. App. 17 (546 SE2d 917) (2001).

[17] *Osburn v. Goldman*, 269 Ga. App. 303 (1) (a) (603 SE2d 695) (2004).

'tolled' to permit actions to be brought for injuries which did not occur until after the statutory period had expired"); *Hutcherson v. Obstetric &c. Assoc. of Columbus*[18] (fraud does not toll the statute of repose); *Esener v. Kinsey*[19] (statute of ultimate repose cannot be tolled to permit actions to be brought for injuries which did not occur until after the statutory period had expired); *Hill v. Fordham.*[20] Cf. *Roskam Baking Co. v. Lanham Machinery Co.*[21] (statute of repose is a substantive provision which may not be waived); *Hinkle v. Henderson*[22] (statutes of repose, unlike statutes of limitation, may not be waived); *Ray & Sons Masonry Contractors v. United States Fidelity &c. Co.*[23] ("once the period of duration under a statute of repose is expired, there is no suit to avoid, because the statute of repose extinguishes the cause of action, and the failure to plead that statute of repose as an affirmative defense could not resurrect a cause of action that no longer exists"); *G & P Trucking v. Parks Auto Sales Svc. &c.*[24] (statute of limitation, unlike statute of repose, is subject to counter-assertions such as waiver); *Ex Parte Liberty Nat. Life Ins. Co.*[25] (statute of repose may not be waived); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.*[26] (statute of repose may not be waived because the time limit expressly qualifies the right which the statute creates); *Mitchell v. United Elevator Co.*[27] (statute of repose is nonwaivable).

(b) *Retroactive Application.* Having determined that OCGA § 34-9-245 is a statute of repose, we next focus on Travelers's contention that the statute cannot be retroactively applied to preclude its claims for reimbursement of any overpayments made prior to December 10, 2001. Specifically, Travelers argues that since Hobba's 1998 injury predated the 1999 enactment of OCGA § 34-9-245, an assertion that the statute abrogates any of Travelers's claims for reimbursement of overpayments is an improper retroactive application and is thus precluded. We disagree.

Contrary to Travelers's contentions, "statutes of repose look only to remedy and not to substantive rights, and thus under certain conditions can be applied retroactively." (Citation and punctuation

---

[18] *Hutcherson v. Obstetric &c. Assoc. of Columbus*, 247 Ga. App. 685, 688 (2) (543 SE2d 805) (2000).

[19] *Esener v. Kinsey*, 240 Ga. App. 21, 22 (522 SE2d 522) (1999).

[20] *Hill v. Fordham*, 186 Ga. App. 354, 357 (2) (367 SE2d 128) (1988).

[21] *Roskam Baking Co. v. Lanham Machinery Co.*, 288 F3d 895, 903 (II) (6th Cir. 2002).

[22] *Hinkle v. Henderson*, 85 F3d 298, 302 (II) (A) (7th Cir. 1996).

[23] *Ray & Sons Masonry Contractors v. United States Fidelity &c. Co.*, 114 SW3d 189, 199 (Ark. 2003).

[24] *G & P Trucking v. Parks Auto Sales Svc. &c.*, 591 SE2d 42, 45 (S.C. Ct. App. 2003).

[25] *Ex Parte Liberty Nat. Life Ins. Co.*, 825 S2d 758, 765 (II) (Ala. 2002).

[26] *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.*, 489 A2d 413, 421 (V) (Del. 1985).

[27] *Mitchell v. United Elevator Co.*, 434 A2d 1243, 1249 (II) (Pa. 1981).

omitted.) *Bieling v. Battle.*[28] Indeed, statutes of repose "may be applied retroactively to cut short previously accrued causes of action, so long as plaintiffs have had an adequate opportunity to bring their lawsuit prior to losing their previously vested rights." (Punctuation omitted.) *Hanflik v. Ratchford.*[29] See also *Bieling,* supra at 877 (1) (five-year statute of repose, OCGA § 9-3-71 (b), enacted in 1985 barred action filed in 1990 based on negligence which occurred in 1982); *Lasoya v. Sunay*[30] (OCGA § 9-3-71 (b) precluded action filed in 1987 for negligent conduct which occurred in 1981). Cf. *Browning v. Maytag Corp.*[31] (statute of repose could not be applied retroactively where plaintiffs' cause of action accrued and was extinguished before effective date of statute). Furthermore, the Supreme Court of Georgia has held that there is no question of improper retroactive application of a statute of repose where the statute is in effect at the time the action is filed. See *Hunter v. Johnson.*[32]

In this case, Hobba was injured and began receiving TTD payments in 1998. One year later, OCGA § 34-9-245 was enacted. Thus, the statute was in effect well before Travelers filed any claim for reimbursement. Moreover, Travelers had, at the very least, nearly one year to seek reimbursement of even its initial payment to Hobba made shortly after Hobba's injury. Travelers therefore had adequate time to seek reimbursement prior to having its cause of action extinguished, and the statute of repose here was not improperly applied retroactively. See *Hunter v. Johnson,* supra at 22 (4); *Hanflik,* supra. Accordingly, we affirm the superior court's ruling applying the statute of repose, as codified in OCGA § 34-9-245, to preclude Travelers from seeking reimbursement for any overpayments made more than two years prior to December 10, 2003.

3. In its third enumeration of error, Travelers contends that the superior court erred in reversing the Board's award of attorney fees, assessment of a civil penalty against Hobba, and referral of the matter to the Board's Fraud and Compliance Enforcement Division. Travelers specifically argues that ample evidence supporting the Board's findings existed in the administrative record. We agree.

According to Georgia's workers' compensation law, the Board may assess attorney fees against a party who brings, prosecutes, or defends proceedings in whole or in part without reasonable grounds. OCGA § 34-9-108 (b) (1); *Richardson v. Air Products &c.*[33] OCGA

[28] *Bieling v. Battle,* 209 Ga. App. 874, 878 (1) (434 SE2d 719) (1993).

[29] *Hanflik v. Ratchford,* 848 FSupp. 1539, 1547 (III) (B) (N.D. Ga. 1994).

[30] *Lasoya v. Sunay,* 193 Ga. App. 814, 815 (1) (389 SE2d 339) (1989).

[31] *Browning v. Maytag Corp.,* 261 Ga. 20, 21 (401 SE2d 725) (1991).

[32] *Hunter v. Johnson,* 259 Ga. 21, 22 (3) (376 SE2d 371) (1989).

[33] *Richardson v. Air Products &c.,* 217 Ga. App. 663, 665 (458 SE2d 694) (1995).

§ 34-9-18 (b) also provides that "[a]ny person who knowingly and intentionally makes any false or misleading statement or representation for the purpose of facilitating the obtaining or denying of any benefit or payment under this chapter may be assessed a civil penalty of not less than $1,000.00 nor more than $10,000.00 per violation." The Workers' Compensation Act further established a unit to investigate allegations of fraud. OCGA § 34-9-24. Finally, whether to award attorney fees, assess civil penalties, and refer matters to the Enforcement Division presents questions of fact for determination by the Board, and where there is any evidence to support such awards, we must affirm. See *Ga.-Pacific Corp.*, supra; *Richardson*, supra; *Bahadori v. Sizzler # 1543.*[34]

Here, the Board affirmed the ALJ's assessment of a civil penalty based on the ALJ's findings that Hobba knowingly misrepresented himself as being totally economically disabled due to his accident when in fact he continued to derive income from working for his company. While the Board reversed the award of litigation expenses, it affirmed the ALJ's award of attorney fees to Travelers based on findings that Hobba's defense against the reimbursement claims was, at least in part, unreasonable given the fact that it was conclusively proven that Hobba was not entitled to full TTD benefits. Additionally, based on the above findings, the Board affirmed the ALJ's recommendation that the matter be referred to the Board's Enforcement Division for further investigation.

Our review of the administrative record confirms that ample evidence supporting these findings exists, including Hobba's own testimony that he performed work for his company and derived income while at the same time receiving TTD benefits. Moreover, contrary to Hobba's contention, Travelers provided the notice that is required prior to the assessment of a civil penalty. Travelers's initial request for a hearing on its reimbursement claim specifically states that civil penalties pursuant to OCGA § 34-9-18 should be assessed, thereby providing Hobba with adequate notice that such penalties were being sought. Cf. *Atlanta Care Convalescence Center v. Travelers Ins. Co.*[35]

Consequently, the superior court erred in reversing the Board's assessment of a civil penalty, award of attorney fees to Travelers, and referral of the matter to the Enforcement Division. We reverse the superior court's ruling with regard to these issues.

---

[34] *Bahadori v. Sizzler # 1543*, 230 Ga. App. 52, 55 (4) (505 SE2d 23) (1997), rev'd on other grounds, *Bahadori v. Nat. Union Fire Ins. Co.*, 270 Ga. 203 (507 SE2d 467) (1998).

[35] *Atlanta Care Convalescence Center v. Travelers Ins. Co.*, 187 Ga. App. 283, 285 (2) (370 SE2d 40) (1988).

*Judgment affirmed in part and reversed in part. Mikell and Adams, JJ., concur.*

Decided February 2, 2006 — ▬▬▬▬▬▬

*Donald M. Shivers*, for appellants.
*Akin & Tate, S. Lester Tate III, William F. Kelley*, for appellee.