**FIRST DIVISION
BARNES, P. J.,
DOYLE, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 31, 2023**

# In the Court of Appeals of Georgia

A23A0053. COASTAL HOME CARE et al v. FANN-ROBERTS.

DOYLE, Presiding Judge.

The State Board of Workers' Compensation (the "State Board") dismissed with prejudice a claim filed by Evelyn Fann-Roberts because no hearing was held within five years of the alleged date of injury. The Superior Court of Chatham County reversed, finding that pursuant to the Statewide Judicial Emergency Orders issued in response to the COVID-19 pandemic, Fann-Roberts had an additional 122 days to bring her claim to a hearing. We granted the petition for discretionary review filed by Fann-Roberts's employer, Coastal Home Care (the "Employer"), and its insurer, Healthcare Mutual Captive Insurance (collectively "Appellants"). For the reasons set forth infra, we affirm the superior court's decision.

The undisputed facts in the record are as follows. In July 2017, Fann-Roberts filed a claim for benefits, alleging that she sustained a work-related injury on July 20, 2016, while working for the Employer. The Employer denied that a compensable injury occurred and did not pay any medical or indemnity benefits. Although Fann-Roberts requested several hearings before the State Board, each was removed from the calendar. Fann-Roberts filed her latest request on August 10, 2021.

On October 19, 2021, however, an administrative law judge ("ALJ") granted the Appellants' motion to dismiss on the ground that five years had passed from the date of the injury and no hearing had been held.[1] The ALJ rejected Fann-Roberts's argument that the five-year time period of OCGA § 34-9-100 (d) (1) was tolled by the Orders issued by the Chief Justice of the Supreme Court of Georgia Declaring a Statewide Judicial Emergency in response to the COVID-19 pandemic (collectively, the "Chief Justice's Orders").[2]

The ALJ found that, because the Chief Justice's Orders and the State Board's own orders did not specifically extend statutes of repose, the five-year period from

[1] See OCGA § 34-9-10 (d) (1).

[2] The Chief Justice's Orders are available at https://www.gasupreme.us/court-information/court_corona_info/.

the alleged injury date for hearing was not extended, and Fann-Roberts's claim was dismissed by operation of law. The ALJ found further that, even if the orders did apply, the Chief Justice's June 12, 2020 order specified that normal deadlines applied to cases filed after July 14, 2020. Because Fann-Roberts did not have a pending hearing request at the time of the orders and she filed a hearing request on August 10, 2021, the ALJ concluded that the normal deadlines were applicable. After the Appellate Division summarily adopted the ALJ's decision, Fann-Roberts appealed to the superior court.

In reversing the State Board, the superior court found that it was unclear that OCGA § 34-9-100 (d) (1) fell into either the definition of a statute of limitation or a statute of repose. Section 34-9-100 (d) (1) did not act as a barrier to a party bringing a cause of action, but instead concerned the dismissal of claims that had already been filed. The court concluded that Section 34-9-100 (d) (1) was more closely analogous to a rule of procedure that could be tolled under certain circumstances. While neither OCGA § 34-9-100 (d) (1) nor the analogous civil practice rule were expressly enumerated in the Chief Justice's order, the court found that the expansive language of the order encompassed the five-year time limit. Fann-Roberts's claim was pending prior to March 14, 2020, so she had an additional 122 days beyond July 20, 2021 (to

3

November 19, 2021), to bring her claim to a hearing. The court further found that the State Board's July 15, 2020 order reinstating its deadlines did not change this calculation as it expressly cited the Chief Justice's July 10, 2020 order and appendix for tolling calculations.[3] This appeal followed.

1. In related arguments, the Appellants argue that OCGA § 34-9-100 (d) (1) is a statute of repose to which the Chief Justice's Orders did not apply.

OCGA § 34-9-100 (d) (1) provides that "any claim filed with the [State Board] for which neither medical nor income benefits have been paid shall stand dismissed with prejudice by operation of law if no hearing has been held within five years of the alleged date of injury."

Fann-Roberts does not dispute that the Appellants have not paid medical or income benefits and that no hearing was held within five years of the alleged injury

---

[3] The July 15, 2020 Order of the State Board of Worker's Compensation is available at https://sbwc.georgia.gov/document/publication/board-order-issued-July-15-2020.

date (July 20, 2016). Our review of the State Board's application of law to these undisputed facts is de novo.[4]

Through the March 14, 2020 Order Declaring Statewide Judicial Emergency,[5] the Chief Justice

> suspend[ed], toll[ed], extend[ed], and otherwise grant[ed] relief from any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes, rules, regulations, or court orders, whether in civil or criminal cases or administrative matters, including but not limited to: (1) statute of limitation; . . . and (11) such other legal proceedings as determined to be necessary by the authorized judicial official.[6]

---

[4] See *Trax-Fax, Inc. v. Hobba*, 277 Ga. App. 464 (627 SE2d 90) (2006) ("In the absence of legal error, the factual findings of the [State Board] must be affirmed by the superior court and the Court of Appeals when supported by any evidence in the administrative record. . . . However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to a de novo standard of review.").

[5] The Chief Justice extended the Statewide Judicial Emergency Order 15 times, expiring on June 30, 2021. See Fifteenth Order Declaring Extending Declaration of Statewide Judicial Emergency (June 7, 2021).

[6] See Order Declaring Statewide Judicial Emergency, p. 2 (filed March 14, 2020).

Most deadlines on litigants were reimposed effective July 14, 2020.[7]

The Appellants urge us to hold that OCGA § 34-9-100 (d) (1) is a statute of repose, rather than a statute of limitation, the latter being specifically enumerated in the Chief Justice's March 14 Order.[8] We agree with the superior court that OCGA § 34-9-100 (d) (1) does not seem to fall into either category. While statutes of limitation and repose both act as a barrier to a party bringing a cause of action,[9] OCGA § 34-9-100 (d) (1) involves the dismissal of claims that have already been filed.

Moreover, we need not determine whether OCGA § 34-9-100 (d) (1) is a statute of limitation, a statute of repose, or something else entirely.[10] The expansive

_____

[7] See Third Order Extending Declaration of Statewide Judicial Emergency, p. 3 (June 12, 2020).

[8] See March 14 Order; see also Guidance on Tolling Statutes of Limitation Under the Chief Justice's Order Declaring Statewide Judicial Emergency (April 6, 2020).

[9] See *Trax-Fax*, 277 Ga. App. at 467 (2) (a) ("A statute of limitation is a procedural rule limiting the time in which a party may bring an action for a right which has already accrued. A statute of ultimate repose delineates a time period in which a right may accrue. If the injury occurs outside that period, it is not actionable.") (citation and punctuation omitted).

[10] The superior court found that OCGA § 34-9-100 (d) (1) was more analogous to a five-year rule of procedure. See OCGA §§ 9-2-60 (b) ("Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed

6

language in the Chief Justice's Orders covers "*any* deadlines or other time schedules" and is "not limited to" the enumerated examples.[11] Thus, under the plain language of the Chief Justice's Orders, the five-year time period to hold a hearing was tolled for the 122 days between March 14 and July 14, 2020.[12]

against the party plaintiff."); 9-11-41 (e) ("Any action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff. For the purposes of this Code section, an order of continuance will be deemed an order. When an action is dismissed under this subsection, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action."). The five-year period may be tolled under certain circumstances when a trial court loses jurisdiction over a case. See, e.g., *Windsor v. City of Atlanta*, 287 Ga. 334, 336 (2) (695 SE2d 576) (2010) (holding that, in order to reset the five-year period during an appeal, "an appellate court order must be both signed by the trial court and entered on the trial court's records").

[11] See *Lewis v. Gwinnett County*, 367 Ga. App. 241, 245 & n. 1 (885 SE2d 320) (2023) (declining to determine whether the ante litem notice requirement of OCGA § 36-11-1 was a statute of limitation because, under the facts of that case, the filing of the ante litem notice was a deadline in a civil case within the meaning of the emergency order); see also *Sullivan v. Kubanyi*, 361 Ga. App. 255, 257 (1) (863 SE2d 727) (2021) (holding that a protective order was not void, although the hearing was not held within the 30-day time period specified by OCGA § 19-13-3 (c), where the petition was filed and the order was issued during the statewide judicial emergency).

[12] We hold that, under the unique facts of this case, the Chief Justice's tolling order applies to the five-year period of OCGA § 34-9-100 (d) (1). We do not address any other period of limitation or repose or time schedule.

2. In their remaining two arguments, the Appellants contend that Fann-Roberts's claim was not "pending" prior to March 14, 2020, because no hearing was on the calendar. Thus, the Appellants contend, the case remained subject to normal deadlines.

The Chief Justice's June 12, 2020 order specified that, "for *cases* that were pending before the March 14 Order, litigants will have the same amount of time to file or act after July 14 that they had as of March 14."[13] The ALJ found that normal deadlines applied because "[a]t the time of the emergency orders, there was no *hearing* pending before the State Board[.]"[14]

Fann-Roberts filed her claim in July 2017, within one year of the alleged date of injury, as required by statute. Specifically, OCGA § 34-9-82 (a) provides in relevant part that "[t]he right to [workers'] compensation shall be barred unless a *claim* therefor is filed within one year after injury[.]"[15] The Appellants have cited no authority for their argument that a claim was not "pending" simply because no

---

[13] (Emphasis supplied.) Third Order Extending Declaration of Statewide Judicial Emergency, p. 3 (II) (A) (3).

[14] (Emphasis supplied.)

[15] (Emphasis supplied.)

hearing was on the calendar.[16] Under the plain language of the Chief Justice's June 12, 2020 Order,[17] we conclude that Fann-Roberts's claim was "pending" before the March 14 Order, giving her an additional 122 days for a hearing.[18] Because the five-year period had not yet run when the State Board dismissed Fann-Roberts's claim, we affirm the superior court's ruling.

*Judgment affirmed. Barnes, P. J., and Land, J. concur*.

---

[16] The Appellants do note that neither the employer nor insurer is required to file a responsive pleading at any time prior to the holding of a hearing before the ALJ. See Douglas T. Lay, Kissiah and Lay's Georgia Workers' Compensation Law, § 27.02 (4th ed. 2017).

[17] See *Beauparlant v. Aiken*, 362 Ga. App. 341, 343 (868 SE2d 482) (2022) (holding that the plain language of the emergency orders tolled the statute of limitation and rejecting the defendant's argument that the plaintiff "somehow waived the tolling provision . . . by opting to commence her action during the time in which the statute of limitation was . . . tolled and by taking steps to effectuate service").

[18] See OCGA § 34-9-100 (d) (1) ("[A]ny claim filed . . . shall stand dismissed . . . if no hearing has been held within five years of the alleged date of injury.").